GRANT, Respondent, v. CRONIN and others, Appellants.

*December 2, 1960—January 10, 1961.*

For the appellants there was a brief and oral argument by *Robert J. Cunningham,* city attorney of Janesville.

For the respondent there was a brief by *Petersen, Sutherland, Axley & Brynelson* of Madison, and oral argument by *R. J. Sutherland.*

HALLOWS, J. The issue, whether the city of Janesville should pay interest upon the condemnation award, arises on motions for summary judgment made by both the defendants and the plaintiff. Neither in the trial court nor in the arguments and briefs before this court has any factual issue been raised which would require a trial. Only a question of law is presented.

Interest on an award of condemnation should be paid when payment is withheld beyond the time the property is actually taken. Sec. 13, art. I, Const., provides that the property of no person shall be taken for public use without just compensa-

tion therefor. Just compensation is for property presently taken and necessarily means the property's present value, presently paid—not its present value to be paid at some future time without interest. *Appleton Water Works Co. v. Railroad Comm.* (1913), 154 Wis. 121, 142 N. W. 476. When an award is paid into court, such action is sufficient to stop the running or the accrual of interest. Likewise, a valid tender which is refused stops interest. *Stolze v. Milwaukee & L. W. R. Co.* (1902), 113 Wis. 44, 88 N. W. 919. By sec. 83.07 (5), Stats. 1957, 13 W. S. A., p. 350, no interest is allowed in a subsequent appeal upon the amount of an award paid or tendered, even though a larger amount is ultimately awarded. This section changed the effect of the holding in *Neilson v. Chicago & N. W. R. Co.* (1895), 91 Wis. 557, 64 N. W. 849, which allowed interest on appeal on the whole amount of a verdict for a larger sum from the date of the original award. In the instant case there being no appeal from the award, sec. 83.07 (5) is not applicable; the validity of the tender is disputed and the city withheld payment, although possession of the property was taken on July 1, 1957. Upon payment, tender, or deposit of the award, title to the lands taken vested in the state under sec. 83.07 (4). The state claimed title under the alleged tender. No question on this appeal is raised concerning the passage of title. The city should therefore pay interest on this award until it deposited the money into court unless its tender was valid or it can justify withholding payment or its refusal to deposit the money into court.

The city of Janesville contends the condemnation proceeding was a state action and the city is not liable for interest on an award in such a proceeding. In *State Highway Comm. v. Grant, supra,* this court held that the condemnation proceeding was an action of the state and the land acquisition board of the city of Janesville was acting for the state highway commission pursuant to statutory authority and by its

direction. However, it does not necessarily follow the city of Janesville is immune from liability for interest. After the award was made, the city pursuant to the power given in sec. 84.09 (3m), Stats., 13 W. S. A., p. 424, issued a check for the payment of the award, made payable to the plaintiff owner, his wife who had only a dower interest, and the lessee and sublessees—all parties named in the award. This section provides that a city may pay for the land from city funds as an advance, subject to reimbursement by the state, which reimbursement the state made on August 15, 1957. From that date on, the city, although acting for the state, had money not belonging to it and which it was bound by law to pay, or to tender to the owner of the land or to deposit in court. The doctrine of governmental immunity has no application to such duty.

The city argues it did not fail to comply with the applicable statutes and made an effective tender of the award and, if not, the defect in the tender was waived. The plaintiff claims the check made payable to all parties interested was tendered not to him as owner, as required by the statute, but to his wife who had only a dower interest. In reply the city argues the check was legally tendered to the plaintiff by such method and, in any event, the plaintiff knew about the check and tender and could have secured the check from the city for the asking. Presenting the check to the owner's wife was not compliance with the statute calling for tender to the owner of the land. Nor do the sections of the statute providing that personal jurisdiction by a court may be obtained of a party by service of a summons at his place of abode, furnish a test to determine the validity of a tender of a check. Mere knowledge of the plaintiff that the city had in its possession a check for the amount of the award did not constitute a waiver of tender by the plaintiff. Presenting to one of the payees a check made payable to several payees, even if he were the owner, is not a tender contemplated by the statute. The

owner could not cash the check without the indorsement of the other payees. The city had the duty to make a proper payment, tender, or deposit. The plaintiff had the right, but not the duty, to require such action by the city.

Much of the difficulty confronting the city arose from the fact the check was made payable to the owner, his wife, and the occupants of the property. Sec. 83.07 (4), Stats., provides the occupants of the land shall be given notice of the application to the county judge to appraise the value of the land sought to be taken. Notice is also to be given to the owners of record and owners of certain recorded liens. This section, however, does not state to whom the award shall be made payable, but the amount of the award must be paid or tendered to the owner. This section of the statute apparently does not contemplate a check for an award made out in the form this check was. If the condemnation proceeding had been under sec. 84.09 (2), 13 W. S. A., p. 422, the award would have named as recipients the owner or owners and any person known to have a legal or equitable interest in the land, and a tender made to the owner or one of them would have satisfied the language of that section.

However, sec. 83.07 (4), Stats., provides if there are lien holders and they and the owners do not join in a written direction as to the distribution of the award, the money may be deposited in a court of record of civil jurisdiction in the county for the benefit of the persons who are named as recipients in the award. The city claims it had no authority to pay the money into court because there were no lien holders. We need not decide whether the city should have taken affirmative steps to pay the money into a court of record prior to the commencement of this action. This action having been started by the plaintiff for the purpose of requiring the money to be paid into court so it could be properly apportioned to those determined to be entitled to receive it, the city should have paid the money into court and moved for an adjudica-

tion releasing it from further liability. This it did not do until the city attorney for the city of Janesville entered the case and stipulated the money would be paid into court under sec. 269.06, 31 W. S. A., p. 389.

This opinion might well end here but for several second-line-of-defense arguments which should be answered. The city's contribution to the highway project amounted to 15 per cent of the cost. The city argues that if interest is to be paid, its share of the interest should not exceed that percentage. This argument is untenable and disregards the fact the city of Janesville had in its possession the money deposited by the state to pay the award. The percentage of its contribution has no bearing on the amount of interest it should pay. It is further argued the plaintiff's recovery of interest should be restricted to that part of the award finally determined by the court to belong to him. We see no merit in this argument. The record does not disclose what the plaintiff's share of the award is, but he claims it in its entirety. The amount of interest should be based on the total amount of the award for the benefit of all persons entitled to share in the award. It is a part of the just compensation.

Although the taking was July 1, 1957, the trial court allowed interest of $3,647.84 from August 16, 1957, the date the city received the money from the state, to December 5, 1958, the date it was paid into court. No assignment of error has been made that interest should have run from July 1, 1957.

*By the Court.*—Judgment affirmed.