The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner-Appellant, v. Grover D. Porter and Gladys Porter, Defendants-Appellees.

Gen. No. 69–211.

Second District.

May 21, 1970.

William J. Scott, Attorney General of State of Illinois, of Springfield, William P. Ryan, Assistant Attorney General, of Springfield, Richard E. Quinn, Special Assistant Attorney General, of Peoria, and Frank P. North, Special Assistant Attorney General, of Rockford, for appellant.

Reno, Zahm, Folgate and Skolrood, of Rockford, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

The only issue is whether the defendant owners are entitled to interest under the Illinois Interest Act (Ill Rev Stats 1967, c 74, § 3) on monies deposited by petitioner pursuant to a motion for immediate vesting of title under Ill Rev Stats 1967, c 47, § 2.6, which the owners chose not to withdraw prior to the conclusion of proceedings.

The condemnation petition was filed February 5th, 1968. The "quick take" order was entered on February 15th, 1968. The trial court set preliminary just compensation at $11,372.

Thereafter petitioner deposited that sum plus the required additional 25 percent, or a total of $14,215, and the court entered its order vesting petitioner with title and authorizing possession of the property on and after April 4th, 1968.

The jury returned a verdict of just compensation in the amount of $17,602. A judgment order was entered on the verdict on June 26th, 1969, providing that interest be

416

paid to defendants at the rate of 5 percent per annum on the $14,215 "quick take" deposit from date of possession, April 4th, 1968, to date of judgment, June 26th, 1969; and further that interest be paid at the rate of 6 percent per annum on the difference between the deposit and the verdict from date of possession to date of judgment.

Thereafter, on July 16th, 1969, pursuant to a petition by defendants to withdraw funds, the court entered an order authorizing withdrawal of preliminary just compensation in the amount of $11,372. Defendants did not withdraw any funds under this order.

■ We hold that the defendant property owners are entitled to interest only on the difference between the deposit and the verdict as provided in part in the judgment order below. The remaining portion of the order providing for interest on the amount of the preliminary deposit which the defendants chose not to withdraw is, in our opinion, erroneous.

Defendants have argued that the Illinois Constitution (Art II, §§ 2, 13) provide for *just compensation* and *due process*; and that *requiring* an owner to withdraw funds deposited upon a "quick take" violates these provisions in that he is forced to invest at his peril for a time uncertain to receive a fair interest return.

■ The provisions of section 2.6 of the Eminent Domain Act, as material here, show a clear legislative intent to exclude interest under section 3 of the Interest Act where interest is payable under the Eminent Domain Act:

> "The petitioner shall pay, in addition to the just compensation finally adjudged in the proceeding, interest at the rate of six percent (6%) per annum upon:
>
> "(a) Any excess of the just compensation so finally adjudged, over the amount deposited by the petitioner . . . from the date on which the parties

interested in the property surrendered possession of the property in accordance with the order of taking, to the date of payment of such excess by the petitioner.

". . . .

"When interest is allowable as provided in Subsection (a) of this Section, no further interest shall be allowed under the provisions of Section 3" (of the Illinois Interest Act).[1]

Defendants' argument that the interest provisions under the Eminent Domain Act are not exclusive in all circumstances is conceded. However, the authorities cited by defendants support the conclusion that when interest is payable under section 2.6 of the Eminent Domain Act, no interest is allowed under the Interest Act.

In Department of Public Works and Buildings v. Larson, 22 Ill2d 425, 176 NE2d 753 (1961), the final verdict was less than the amount deposited under the "quick take" order. The Supreme Court held that since no interest was payable under section 2.6(a), there being no excess of verdict over amount deposited (and 2.6(b) being inapplicable also), section 3 of the Interest Act was applicable and the owner was entitled to interest at 5 percent on the quick take deposit from the date of the verdict and judgment.

Larson is not authority for defendants' position that even though interest was allowable under the Eminent Domain Act, it may also be allowed under the Interest Act from the date of delivery of possession of the property under the quick take provisions to the date of final payment.

---

[1] It is noted that the property owner is protected if he is not allowed to withdraw the funds by paragraph (b) of section 2.6 which provides for interest on the quick take deposit when the petitioner successfully resists a motion to withdraw.

Nor does Department of Public Works and Buildings v. Schon, 42 Ill2d 537, 250 NE2d 135 (1969), cited by defendants, support their position. The case held that, when the verdict exceeds the total amount deposited on quick take (including the additional 25 percent), the owner is entitled to interest only on the excess of the verdict over the total amount deposited since that section refers to "amount" deposited in the singular. No question of the applicability of section 3 of the Interest Act was raised in the case. The majority opinion was confined to a construction of the applicable statutes and refused to consider a constitutional question which was not presented to or passed upon by the trial court. The dissenting opinion of Mr. Justice Schaefer, which defendants have referred to in oral argument, has no relevance to the theory of the defendants in this case. The dissent was on the basis that just compensation requires interest on the difference between the amount which the property owner is entitled to withdraw and the final judgment, and that he should not be deprived of interest on the amount he "cannot touch" (page 540). This issue has not been raised here and, therefore, we do not pass upon it.

■ The constitutional rights of the landowner in a condemnation suit have been often stated to require the payment of just compensation, being the value of the property taken at the time of the taking; "and, if the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added." (See Department of Public Works and Buildings v. Schon, at page 541.)

■ It is our opinion that our holding does not violate these constitutional principles.

Defendants have cited a number of cases dealing with payment of interest on condemnation judgments in cases prior to the enactment of the "quick take" provisions of the Eminent Domain Act. (E. g., Leitch v. New York Cent. R. Co., 388 Ill 236, 58 NE2d 16 (1944); Johnson v. Sanitary Dist. of Rockford, 269 Ill App 429, 433 (1933)) as holding that interest is payable from the date of delivery of possession of the property to the date of payment. These cases are also not relevant here. In these cases, possession was taken by the condemnors without any payment to the owners and without any deposit made which was subject to their withdrawal. The cases, therefore, rightfully provided for interest because the condemnor had the use of the property and the property owners had no payment available to them in the place of the property. Here, the pertinent section of the Eminent Domain Act provides for such payment after possession is taken.

Section 2.6 of the Eminent Domain Act, when applicable as it is here, provides the property owner with his full equivalent. An owner should not have the right to withdraw funds and by nonexercise of the right require a petitioner to pay interest on funds it has placed beyond its control.

That portion of the amended judgment order of the trial court providing that interest be paid at the rate of 5 percent per annum on the funds deposited with the court ($14,215) from the date of possession until the date of payment is therefore reversed. The remaining portion of the judgment order below is affirmed, and the cause is remanded for further proceedings below in accordance with this opinion.

Affirmed in part and reversed in part and remanded, with directions.

ABRAHAMSON and MORAN, JJ., concur.