522 S.E.2d 822

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**J. Larry FAULKENBERRY, Landowner, and Palmetto Farm Credit Mortgage, Other Condemnee,**

**of whom J. Larry Faulkenberry is the, Respondent.**

**No. 3043.**

Court of Appeals of South Carolina.

Heard May 11, 1999.

Decided Sept. 7, 1999.

---

Glennith C. Johnson, of Columbia, George C. James, Sr., of Richardson & James, of Sumter, for appellant.

Robert J. Sheheen, of Savage, Royall & Sheheen, of Camden, for respondent.

PER CURIAM:

In this condemnation case, the trial court determined the South Carolina Department of Transportation (SCDOT) should pay landowner J. Larry Faulkenberry interest, pursuant to S.C.Code Ann. § 28–2–420 (1991), on fifty percent of SCDOT'S pre-judgment payment to Faulkenberry from the date of the filing of the condemnation notice to the date of the jury verdict. In a supplemental order, the trial court ordered

SCDOT to pay post-judgment interest on the interest award-
ed. SCDOT appeals. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

SCDOT filed an action on May 27, 1994, to condemn 1,709.4
acres of Faulkenberry's Clarendon County property. SCDOT
deposited with the Clarendon County Clerk of Court $487,-
200.00, its appraised value for the property. Faulkenberry
filed a separate action, asserting SCDOT had no authority or
basis to condemn his property. On June 29, 1994, the trial
court issued a temporary restraining order prohibiting
SCDOT from proceeding with the condemnation.

The parties negotiated a settlement and signed a consent
order on July 27, 1994. Pursuant to this order, SCDOT filed
an amended condemnation notice and tender of payment
establishing $863,574.00 as the tendered compensation for the
property. SCDOT agreed that $863,574.00 would be the
minimum compensation for the property, with a final amount
to be determined at a later date. SCDOT retrieved its initial
deposit from the Clerk of Court and paid the entire amount of
the revised tender to Faulkenberry. Faulkenberry consented
to the dissolution of the temporary restraining order and
dismissal of his injunction litigation, and agreed not to initiate
further injunctive action against SCDOT.

The matter proceeded to trial and, on February 7, 1996, the
jury awarded Faulkenberry $2,396,100.00. After the verdict,
Faulkenberry wrote SCDOT requesting payment for the dif-
ference between the verdict and the tender, plus interest at
the statutory rate of eight percent, for a total of $1,745,184.62.
Afterwards, Faulkenberry sent a second letter to SCDOT with
a revised calculation totaling $1,774,852.79. However,
SCDOT's calculations differed, and SCDOT in turn offered
Faulkenberry $1,753,488.32. Faulkenberry refused the offer,
and SCDOT moved to have the appropriate amount deter-
mined by the court.

SCDOT asserted that under S.C.Code Ann. § 28-2-420
(1991), Faulkenberry was entitled to interest on the entire
verdict for only 64 days: from May 27, 1994, the date of the
original condemnation notice, until July 29, 1994, when the one
hundred percent drawdown was paid pursuant to the consent

order. It contended that from July 29, 1994, until the jury verdict on February 7, 1996, Faulkenberry was entitled to interest only on the difference between the jury verdict and the payment previously received. Faulkenberry argued he was entitled to the statutory interest on the full jury verdict for the entire period from the date of the condemnation notice through jury verdict.

In an order dated December 3, 1997, the trial court noted S.C.Code Ann. § 28–2–480 (1991) allows a landowner to draw down up to fifty percent of the funds deposited with the clerk of court by the condemnor. The court found that "fairness and equity" require that statutory interest be paid only on the difference between the amount of the award by the jury and the amount that could be drawn down by the condemnee pursuant to Section 28–2–480. The court held that the additional drawdown above that allowed by Section 28–2–480, i.e., $431,787.00, was consideration for Faulkenberry's agreement to dismiss his challenge to SCDOT's right to condemn.

The court ordered SCDOT to pay interest on the difference between $2,396,100.00 (the jury verdict) less $431,787.00 (50% of the tendered amount) or $1,964,313.00, from the date of the filing of the condemnation notice through the date of the verdict. The court added:

> The Court has not made any calculation of the amount of interest due since it does not know the relevant dates and is thus unable to determine the length of time on which interest would be due and payable. If the parties are unable to arrive at a calculation based upon the Court's order, the Court will again review the matter with a view toward actually calculating the amount of interest due and payable.

The parties were able to agree that, under the court's order, the interest due was $53,744.13. However, the parties were unable to agree on whether interest at the statutory judgment rate (14%, under S.C.Code Ann. § 34–31–20(b) [1]) was to begin to run on the date of the verdict or the date of the court's initial order.

---

**1.** "All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum."

In a supplemental order dated January 23, 1998, the trial court concluded the amount of interest due was unliquidated until the December 3, 1997 order, and therefore judgment interest did not begin to accrue until twenty days after that order, pursuant to Section 28–2–420(a).[2] In addition, the court allowed SCDOT to pay the award into court to terminate the running of statutory interest on the judgment. SCDOT appealed.

## LAW/ANALYSIS

### I. *Error Preservation*

Faulkenberry argues SCDOT has failed to appeal the trial court's December 3rd order and, thus, the December order is the law of the case concerning his entitlement to interest on the additional 50% drawdown. We disagree.

Generally, only final judgments are appealable. *Culbertson v. Clemens*, 322 S.C. 20, 471 S.E.2d 163 (1996). If a judgment leaves some further act to be done by the court before the rights of the parties are determined, the judgment is not final. *Id.* "If a judgment determines the applicable law while leaving open questions of fact, it is not a final judgment." *Mid–State Distrib., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993). When there is a final judgment, and a party timely files its notice of intent to appeal from that judgment, this court may review any intermediate order necessarily affecting the judgment not earlier appealed. *Lancaster v. Fielder*, 305 S.C. 418, 409 S.E.2d 375 (1991).

The court's December order ruled Faulkenberry was entitled to interest on the additional fifty percent of the deposit he received. However, the court also noted it did not calculate the actual amount of interest due because it did not have the relevant dates. This was clearly an undetermined

---

**2.** This section reads, in pertinent part, that:

Interest shall not accrue during the twenty-day period commencing upon the date of verdict or order of judgment. If the judgment is not paid within the twenty-day period, interest at the rate provided by law for interest on judgments must be added to the judgment. Thereafter, the entire judgment shall earn interest at the rate provided by law for interest on judgments.

S.C.Code Ann. § 28–2–420(a).

question of fact. The court left the matter to the parties to determine, but also gave them the option to bring the matter back before the court if the parties could not agree. Thus, the rights of the parties were not completely determined until the judge's January 23, 1998 order, which finally decided the applicable date for the commencement of the accrual of statutory interest and set forth the total amount due Faulkenberry. Further, at no time did SCDOT depart from its position,[3] and therefore it was not required to appeal from the intermediate order to preserve its right of review on appeal from final judgment. *Gunnells v. Raybestos–Manhattan, Inc.*, 261 S.C. 106, 198 S.E.2d 535 (1973).

## II. *Statutory Interpretation*

SCDOT argues the trial court erred in ordering it to pay interest on one-half of the amount tendered to Faulkenberry after he received it. It asserts interest under S.C.Code Ann. § 28–2–420 does not accrue on any amount paid to the condemnee after its receipt. We agree.

### A. *Standard of Review*

In interpreting a statute, this court's primary function is to ascertain the intention of the legislature. *In re Vincent J.*, 333 S.C. 233, 509 S.E.2d 261 (1998). Statutes should be construed with regard to the whole system of law of which they form a part. *Roche v. Young Bros., Inc.*, 332 S.C. 75, 504 S.E.2d 311 (1998) (citing 82 C.J.S. *Statutes* § 362 (1953)). A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *TNS Mills, Inc. v. South Carolina Dep't of Revenue*, 331 S.C. 611, 503 S.E.2d 471 (1998). In construing a statute, this court will reject any interpretation that leads to an unreasonable result. *Busby v. Moore*, 330 S.C. 201, 498 S.E.2d 883 (1998). Further, construction of a statute by an agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Glover by*

---

3. In its final order, the trial court noted, *"Without conceding that the Court's determination of the method of calculation of the interest in the December 3 Order is correct,* the parties have agreed that the interest calculation using that Order is $53,744.13." (Emphasis added.)

*Cauthen v. Suitt Constr. Co.,* 318 S.C. 465, 458 S.E.2d 535 (1995).

## B. *Discussion*

Until the adoption of the South Carolina Constitution of 1868, the state exercised its right of eminent domain to take private lands without compensation. *South Carolina State Highway Dep't v. Miller,* 237 S.C. 386, 117 S.E.2d 561 (1960). Currently, both the Fifth Amendment to the U.S. Constitution and Article 1, § 13 of the South Carolina Constitution prohibit the taking of private property for public use without payment of just compensation to the property owner.

 Neither constitution defines "just compensation," nor prescribes how it shall be made when the condemnor is a public entity. *South Carolina State Highway Dep't v. Southern Ry.,* 239 S.C. 1, 121 S.E.2d 236 (1961). However, the United States Supreme Court has stated, "The compensation to which the owner is entitled is the full and perfect equivalent of the property taken." *Seaboard Air Line Ry. v. United States,* 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664 (1923). In order for the landowner to be compensated fully, the government must "put the owners in as good position pecuniarily as if the use of their property had not been taken. They are entitled to have the full equivalent of the value of such use at the time of the taking paid contemporaneously with the taking." *Phelps v. United States,* 274 U.S. 341, 344, 47 S.Ct. 611, 71 L.Ed. 1083 (1927). *See also Stewart & Grindle, Inc. v. State,* 524 P.2d 1242 (Alaska 1974); *State Roads Comm'n v. G.L. Cornell Co. Sav. & Profit Sharing Trust,* 85 Md.App. 765, 584 A.2d 1331 (1991).

 Interest is required on a condemnation award when the state's right to possession precedes payment to the property owner for this right: "Where the market value of the property is not paid contemporaneously with the taking, the owner is entitled to interest for the delay in payment from the date of the taking until the date of the payment." *Clark County v. Alper,* 100 Nev. 382, 685 P.2d 943, 950 (1984). *See also Stewart & Grindle, Inc. v. State,* 524 P.2d 1242, 1246 (Alaska 1974) ("the payment of interest is, in appropriate circumstances, a necessary component of constitutionally guar-

anteed 'just compensation.' "); *Foster v. Sanders,* 557 S.W.2d 205, 208–09 (Ky.Ct.App.1977) ("Kentucky's constitutional requirement that compensation be paid prior to the taking of private property by eminent domain is consistent with the general rule allowing interest in the event that there is delay in the payment of compensation beyond the date of taking.").

The purpose of awarding interest is to compensate the landowner for the delay in the monetary payment that occurred after the property has been taken. *State v. Pioneer Mill Co.,* 64 Haw. 168, 637 P.2d 1131 (1981); *County of Clark v. Alper,* 100 Nev. 382, 685 P.2d 943 (1989).

> "If an award were paid immediately upon the taking of the land by the state no damages to the property would ensue. But where, due to the necessity of legal proceedings to ascertain fair market value of property, delays ensue, the property owner is entitled to an adequate sum to reimburse him for the loss of use of the money during the period of such delay. To hold otherwise would constitute a taking of the property without just compensation."

*Stewart & Grindle, Inc. v. State,* 524 P.2d 1242, 1246 (Alaska 1974) (quoting *Russian Orthodox Greek Catholic Church v. Alaska State Housing Auth.,* 498 P.2d 737, 741 (Alaska 1972)). *See also Department of Pub. Works & Bldgs. v. Porter,* 123 Ill.App.2d 415, 259 N.E.2d 74, 76 (1970) ("[I]f the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added."); *State Roads Comm'n v. G.L. Cornell Co. Sav. & Profit Sharing Trust,* 85 Md.App. 765, 584 A.2d 1331 (1991) (the payment of prejudgment interest is a part of just compensation designed to pay the condemnee the "time value" of money he should have received on the date of taking); *Grant v. Cronin,* 12 Wis.2d 352, 107 N.W.2d 153, 155 (1961) ("Just compensation is for property presently taken and necessarily means the property's present value, presently paid—not its present value to be paid at some future time without interest."). This payment of interest has been described as "not an award of interest in the traditional sense but rather ... a good yardstick by which to determine the rate of return on the property owner's money had there been

no delay in payment of the full amount of the deficiency." *King v. State Roads Comm'n of the State Highway Admin.*, 298 Md. 80, 467 A.2d 1032, 1037 (1983).

At least from the time of enactment of the 1952 Code through 1986, there was no statutory provision requiring the South Carolina highway department to pay interest on condemnation awards. *See, e.g., South Carolina State Highway Dep't v. Southern Ry. Co.*, 239 S.C. 1, 121 S.E.2d 236 (1961); *see also Carolina Power & Light Co. v. Copeland*, 258 S.C. 206, 188 S.E.2d 188 (1972) (disallowing condemnation interest where there was no statutory authority for entry of judgment on the verdict nor for interest thereon). This does not appear to be a legislative oversight; during the same period, both the Public Works Eminent Domain Law[4] and the State Authorities Eminent Domain Act[5] provided for the payment of interest. *See South Carolina State Highway Dep't v. Southern Ry.*, 239 S.C. 1, 121 S.E.2d 236. Accordingly, the court announced in *South Carolina State Highway Dep't v. Southern Ry. Co.* that "interest is not to be considered in arriving at just compensation in highway condemnation cases." *Id.* at 6, 121 S.E.2d at 238.

 "The amount of just compensation to be paid can only be determined under the provisions of an act of the Legislature, by whose authority only procedural legislation may be provided whereby private property may be condemned for public use, together with the means by which just compensation is to be paid for the taking." *Id.* at 5, 121 S.E.2d at 238. By 1987 Act No. 173, the legislature sought to "establish a uniform procedure for the condemnation of property by the State, its political subdivisions, and private entities so as to minimize the costs of this litigation." *Id.* at 2077.

 The "South Carolina Eminent Domain Procedure Act" is currently codified at S.C.Code Ann. Sections 28–2–10 through –510 (1991), and provides for a "quick take" condemnation, i.e., the condemnor may take the property before the

---

4. Code of Laws of S.C. § 25–110 (1952); S.C.Code Ann. § 28–5–100 (1976).

5. Code of Laws of S.C. § 25–57 (1952); S.C.Code Ann. § 28–3–70 (1976).

final condemnation award is determined.[6] Under Section 28–2–90(3), the condemnor may take possession of property "upon deposit with the clerk of court in the county in which the property to be condemned is situated, the amount stated in the Condemnation Notice as just compensation for the property, the amount having been determined by the condemnor pursuant to § 28–2–70(a) before initiating the action." When the right to take is not contested, the condemnee may apply to receive up to fifty percent of the funds deposited. § 28–2–480.

Section 24–2–420(a) requires the condemnor to:

pay interest at the rate of eight percent a year upon sums found to be just compensation by the appraisal panel or judgment of a court to the condemnee. This interest shall accrue from the date of filing of the Condemnation Notice through the date of verdict or judgment by the court. Interest accruing on funds on deposit with the clerk of court must be offset against the interest computed pursuant to this section. Interest shall not accrue during the twenty-day period commencing upon the date of verdict or order of judgment. If the judgment is not paid within the twenty-day period, interest at the rate provided by law for interest on judgments must be added to the judgment. Thereafter, the entire judgment shall earn interest at the rate provided by law for interest on judgments.[7]

---

6.

In a "quick-take" case, the State is entitled to take, and usually does take, possession of the property before the fair value of the property is established. At the commencement of the proceeding—at or before the time it takes possession—it pays to the owner, or into court for the owner's benefit, what it estimates the fair value of the property to be. If the parties are unable to agree on fair value, that issue is tried and resolved by a jury, and, if the fair value ultimately determined is greater than what the State has previously paid, it must make up the difference, together with interest on that difference.

*State Roads Comm'n of the State Highway Admin. v. G.L. Cornell Co. Sav. & Profit Sharing Trust,* 85 Md.App. 765, 584 A.2d 1331, 1332 (1991).

7. Although we question the applicability of this statute to a situation where no deposit is made with the court but, rather, the funds are paid directly to the condemnee, apparently SCDOT systematically both pays condemnees 100% of the deposit (instead of the 50% allowed by statute) and applies Section 28–2–420(a) to such payment. Since both parties argue the statute applies, we do not address this issue. *See Glover by*

SCDOT notes Section 28–2–420 does not address the amount of interest to be paid the condemnee when he draws down deposited funds. The statute specifically states, "Interest accruing on funds on deposit with the clerk of court must be offset against the interest computed pursuant to this section." We believe this statement implies interest shall accrue only on such funds as *are on deposit with the clerk of court.*"

Pursuant to the statute, the condemnee is entitled to a three-tiered computation of interest:

(1) interest at the rate of eight percent a year upon sums found to be just compensation by the appraisal panel or judgment of a court to the condemnee. This interest accrues from the date of filing by the condemnation notice through the date of verdict or judgment by the court;

(2) interest accruing on funds on deposit with the clerk of court must be offset against the interest computed pursuant to this section;

(3) interest shall not accrue during the twenty-day period commencing upon the date of verdict or order of judgment. If the judgment is not paid within the twenty-day period, interest at the rate provided by law for interest on judgments must be added to the judgment (fourteen percent (14%) as provided by S.C.Code Ann. Section 34–31–20(b)).

Support for our construction is found both statutorily and in equity. The federal government and many states statutorily provide that no interest is allowed on a payment into court by the condemning authority. *See, e.g.,* 40 U.S.C. § 258a; Colo. Rev.Stat.Ann. § 31–1–116; Haw.Rev.Stat. § 101–33; Idaho Code § 7–721(6); Ill.Rev.Stat. ch. 735, para. 5/7–108 [8]; Ind. Code § 32–11–1–81; Miss.Code Ann. § 11–27–19 [9]; N.J.Rev.

---

*Cauthen v. Suitt Constr. Co.,* 318 S.C. 465, 458 S.E.2d 535 (1995) (construction of a statute by an agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons).

**8.** The Illinois statute allows interest on the deposit only if withdrawal is denied upon objection by the condemnor.

**9.** The Mississippi statute does not allow interest on funds both deposited and withdrawn.

Stat. § 20:3–31 [10]; Or.Rev.Stat. § 35.265(3); 26 Pa.Cons.Stat. § 1–611; Utah Code Ann. § 78–34–9(5)(c)(ii). Other states provide for interest only on the amount the final award exceeds the amount deposited, implying interest will not be awarded on the amount deposited. *See, e.g.,* Alaska Stat. § 09.55.440; La.Rev.Stat.Ann. § 48:455; Md.Code.Ann., Transp. § 8–331. The governing statute in Arizona specifically provides the condemnee is allowed interest on the amount of the deposit he has withdrawn, but only from the date of the condemnor's possession until the date of withdrawal. Ariz. Rev.Stat.Ann. § 12–1123(B). Ohio Rev.Code Ann. § 163.17 covers a number of different scenarios, but where the landowner has withdrawn a portion of the deposit, interest accrues only on the amount of the verdict that exceeds the amount withdrawn.

 This same principle is followed in South Carolina as to judgments: "Payment of a judgment into court is deemed to be a payment of money for the use of the person entitled thereto and stops the running of judgment interest." *Horry County v. Woodward,* 291 S.C. 1, 3, 351 S.E.2d 877, 878 (Ct.App.1986); *see Russo v. Sutton,* 317 S.C. 441, 454 S.E.2d 895 (1995) (a judgment debtor's deposit of funds into court prevents accrual of interest upon compliance with Rule 67, SCRCP). Courts of other states apply this rule to the condemnor's deposit into court: "If the condemnor pays the amount of the [award] to the clerk of court, the condemnor has no further liability for interest on that sum." *Foster v. Sanders,* 557 S.W.2d 205, 209 (Ky.Ct.App.1977); *see also Lin v. Houston Community College Syst.,* 948 S.W.2d 328 (Tex.Ct. App.1997).

 Yet another common law principle supports our decision. The law expressly allows the payment of prejudg-

---

**10.** The New Jersey statute further offsets against such interest rents and profits derived from the property by the condemnee and/or for the fair rental value of the property occupied by the condemnee. This statute is similar to a South Carolina statute replaced by the current Eminent Domain Act. *See* S.C.Code Ann. § 28–5–100 (1976) (allowing interest only on the amount the final award exceeded the amount deposited in court, "subject, however, to abatement for use, income, rents or profits derived from such property by the owner thereof subsequent to the vesting of title in the petitioner").

ment interest on obligations to pay money from the time the *payment is demandable. Babb v. Rothrock,* 310 S.C. 350, 426 S.E.2d 789 (1993). However, in the case *sub judice,* as to the drawdown amount, the payment was not demandable, as it was already paid. Further, " '[[a] judgment debtor] is required to pay interest on his debt as compensation for his further retention and use of the judgment creditor's money.' " *Sears v. Fowler,* 293 S.C. 43, 45–46, 358 S.E.2d 574, 575 (1987) (quoting *State ex rel. Southern Real Estate & Fin. Co. v. City of St. Louis,* 234 Mo.App. 209, 115 S.W.2d 513, 515 (1938)). Such imposition of interest, however, implies any delay in satisfaction of the judgment is occasioned solely by the act of the judgment debtor. *Id.; see also Kluenker v. State of Wisconsin, Dep't of Transp.,* 109 Wis.2d 602, 327 N.W.2d 145, 148 (1982) (holding the purpose of interest "is to indemnify the claimant for loss of what moneys due him would presumably have earned if payment had not been delayed."). In the instant case, SCDOT did not retain and use the money and, as to the deposit, Faulkenberry experienced no delay in receiving it. For these reasons, prejudgment interest should not be allowed.

A close analogy is found in an action for an accounting, as demonstrated in *Windham v. Honeycutt,* 290 S.C. 60, 348 S.E.2d 185 (Ct.App.1986). Honeycutt contracted to sell thirty acres of land to Windham for a total purchase price of $115,000, with a down payment of $60,000. When Honeycutt subsequently refused to convey the land, Windham brought an action for specific performance. Windham was granted specific performance and awarded special damages.

Honeycutt appealed, arguing the trial judge erred in not offsetting the interim interest that could have been earned on the purchase price against Windham's award. The supreme court agreed, characterizing the accounting as an attempt "to place the parties in the same position as if the conveyance had been made when due." *Id.* at 62, 348 S.E.2d at 186. " 'The fruits of possession and the interest are mutually exclusive— there is no right upon the part of either [party] to have both.' " *Id.* at 63, 348 S.E.2d at 186 (quoting *Bembridge v. Miller,* 235 Or. 396, 385 P.2d 172, 178 (1963)).

We believe the same principle applies to the instant situation. As with an accounting, a condemnor must place the condemnee in the same position pecuniarily as if the taking had not occurred. However, as in *Windham*, during the period following the drawdown, Faulkenberry had use of the whole deposit. This use was his "fruit of possession." He cannot also claim a right to the interest thereon as the two are "mutually exclusive."

Our reasoning on this point is supported by interpretations in sister jurisdictions. In *Lin v. Houston Community College System*, 948 S.W.2d 328 (Tex.Ct.App.1997), the court stated:

It has long been established that when a condemning authority tenders the amount of the commissioner's award in the registry of the court, it tolls the running of interest, at least to the amount so tendered. The rationale for the rule is that the condemnee may withdraw the deposit and is entitled to the use of the money pending a court determination of his damages.

*Id.* at 337 (citations omitted). *See also Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1248 n. 21 (Alaska 1974) ("Since the property owner has the use of the money so deposited and so distributed, he is of course not entitled to interest on this amount after the date of deposit."); *Mississippi State Highway Comm'n v. Owen*, 310 So.2d 920, 922 (Miss.1975) (disallowing the payment of interest on the deposit when not drawn down because "[t]he only person who could have obtained and used the money was the landowner.").

Another sister jurisdiction supports our decision. In Delaware, the applicable statute provides only that "[i]nterest-shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs." Del.Code Ann. tit. 10, § 6113. The Delaware court, however, does not allow interest on any amount the condemnee *could* have withdrawn.[11] *State ex rel. State Highway Dep't v. 14.69 Acres of Land*, 245 A.2d 788 (Del.Super.Ct.1968).

In its decision the trial court relied on the Consent Order between the parties in concluding the drawdown of the total

---

11. In Delaware the condemnee may recover the whole amount of the deposit. Dela.Code Ann. tit. 10, § 6110(b).

amount of the deposit rather than the fifty percent statutorily allowed was consideration to Faulkenberry for dropping his action contesting the condemnation. We disagree with the court's reasoning. There is no indication in the record that the parties agreed that the additional drawdown would constitute additional compensation to Faulkenberry. Moreover, as we read Faulkenberry's brief, he makes no attempt to support this finding by the trial court. He states that "both parties gained advantages from the agreement. . . ." His principal support for the award of interest on the drawdown is his interpretation of the statute. He indicates in his brief that the "silence of the consent order as to the entitlement of interest on the money actually paid to Respondent prior to trial simply means that the statute governing condemnation procedure will govern."

### III. *Post–Judgment Interest on Additional Interest*

SCDOT contends no post-judgment interest is due on the $53,744.13 in interest if this court finds the trial court erred in its interest calculation. We agree. Because the trial court erred in awarding interest, its award of interest on interest is erroneous as well.

### CONCLUSION

We find for the foregoing reasons that the trial court erred in awarding Faulkenberry interest on so much of the condemnation award as he received prior to judgment, for such time as he had use of that amount. Because Faulkenberry was not entitled to this interest, he is, accordingly, not entitled to post-judgment interest on the interest. We hereby reverse the decision of the trial court and remand the case for entry of judgment consistent with this opinion.

**REVERSED AND REMANDED.**

CURETON, ANDERSON and STILWELL, JJ., concur.