**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Piedmont Natural Gas Company, Inc.,
Appellant/Respondent,

v.

Richeous Smith, Worthly Smith a/k/a Worley Smith, Pearl Terry, Ethel Butler, Tweety Smith a/k/a Tweety Smith Harris, Doreth Smith, Fletcher Lee Harris, Alma Williams Smith, James R. Smith, Loree Smith, Gene A. Smith, Adolf Smith, Janie Sue Smith, Samuel Paul Smith, Ruby Smith Mansell, Buford Mansell, Ethel Mae Smith, Wilson Smith, Patrick R. Smith, Reginald Lamont Smith, Eric Smith, Christine Smith Dawkins, William G. Dawkins, Alma Renee Smith Murry, Sharai Smith Brock, Robert Lee Smith, Melissa F. Smith, Rosalyn Annette Steven, Edith Smith Foster, George Waymon Foster, Bridgette Smith Blassingame, Tara Smith, Waymon Odell Smith, Martha Miller Smith, Calvin Lee Smith, Reece W. Smith, Raymond Eddie Smith, Michael Smith, Odell Smith, Dorothy Smith Pearson, Gary Pearson, Jerome Smith, Jaygo Terry, Ida Terry, Mack Terry, Zone Terry, Leola Terry Smith, James Smith, J.P. Terry, David Brayvell Terry, Ettie Pearl Booker, Tecora O. Terry Mason, Odell Mason, Lenora Holley, Dorothy Terry Sheppard, Orangelee Sheppard, Vernon Sheppard, Kasandra Sheppard Jenkins, Karen Sheppard Spates, Theodore Terry, Sr., Gracie Terry, Kelvin F. Terry, Theodore Terry, Jr., Keith Terry, Leola Terry Daniels, Wilford Daniels, Terrance Leslie, Sr., Derrick McGee, Jr., Fred Smith, Jr., Mannell Terry, Patricia Terry, Sheila Terry, Barbara Evans, Leonard Evans, Linda Evans, Thomas Evans, Johnny R. Williams, Latonya Gilliam,

Porsha Williams, Chavonte Gilliam, Lakisha Gilliam, Derrick Gilliam, Rodney Gilliam, Donald Ray Gilliam, Connie Evans, Michael Evans, Iola Terry Cox, William Henry Cox, Johnny F. Cox, Joyce A. Smith, Anthony Cox, Alfred Cox, J. Henry Cox, Charlette J. Cox, Charles J. Cox, Michael Cox, Supearl Terry Gilliam a/k/a Supearl Terry Gilliam Miranda, Eugene Gilliam, Terry Gilliam, Jerry Gilliam, Warren Gilliam, Eugene Gilliam, Jr., Mattie Gilliam, Ira K. Carroll, Demetrius J. Gilliam, Kehimonies S. Gilliam, Bianca S. Gilliam, Melvin Gilliam, Rodney Gilliam, Cindy Gilliam, Shakima Gilliam, Carmella Cottom, Nina Gilliam, Vermell Gilliam Phillips, Shaynise Alston, John Gilliam, Donald Gilliam, Sr., Leunette Gilliam, Donnette Gilliam Ortchere, Leslie Gilliam Peter, Angela Gilliam, Donald E. Gilliam, Raymond T. Gilliam, Juan Miranda, Carmen Miranda a/k/a Carmen Miranda Glavin, John Glavin, Sr., John Glavin, Jr., Miranda Glavin, Jeffrey Glavin, Yolanda Glavin, Ezell Terry, Magaline Terry, Leroy Terry, Kenneth Terry, James (Jimmy) Terry, Pearlie Mae Terry, Winnie L. Terry Anderson, Furman Anderson, Tommy Anderson, Abigail Dodd, Angela Reid, Sandra McDowell, Harold Anderson, Mary Ann Davis, Charlene Peak, Albert Anderson, Paul Terry, Betty Jo Terry, Donald E. Terry, Deloris I. Terry, Paul A. Terry, Mark G. Terry, Terry Sholer, Jamie Terry, James O. C. Smith, Pauline Smith, Gloria Gore, Paul Smith, Ethel Allen, Desiree Golden, Pauline Workman, Brenda Moulhem, and if any of the aforementioned be deceased, then their heirs, successors, devisees, distributees, Administrators, Executors and Personal Representatives, and any party claiming by or through them, Landowners,

and

The United States of America, acting by and through its agency, the Internal Revenue Service, The United States of America, acting by and through its agency the United States Department of Justice, The South Carolina Department of Revenue, The South Carolina Department

of Mental Health, The State of South Carolina, Bullhead Investments, LLC, Arrow Financial Services, LLC, Sharonview Federal Credit Union, Discover Bank, Zachery Arnold, GE Commercial Finance Business Property Corporation, Midland Funding, LLC, and Greenville County, Other Condemnees,

and

John Doe and Mary Roe, being fictitious names used to represent all persons and condemnees whose true names are not known, including the heirs, successors, devisees, distributees, Administrators, Executors and Personal Representatives of any of the above named Landowners and Other Condemnees who may be deceased; and also all Condemnees whose names are not known, including heirs, infants, persons under disability and persons who may be in Military service, who claim, or may claim, an interest in the property being condemned, and also all other persons unknown, claiming any right, title, estate, interest in or lien upon the real estate described in the Condemnation Notice and Tender of Payment herein, said property being identified as a portion of Greenville County Tax Map Numbers 0531010102100 and 0531010102101, Unknown Claimants,

Of whom Ethel Allen; Shaynise Alston; Harold Anderson; Tommy Anderson; Bridgette Smith Blassingame; Sharai Smith Brock; Carmella Cottom; Alfred Cox; Mary Ann Davis; William G. Dawkins; Abigail Dodd; Linda Evans; Michael Evans; Thomas Evans; Chavonte Gilliam; Cindy Gilliam; Derrick Gilliam; Donald E. Gilliam, Jr., John L. Gilliam; Lakisha Gilliam; Latonya Gilliam; Leunette Gilliam; Mattie M. Gilliam; Nina Gilliam; Raymond Tl Gilliam; Rodney Gilliam; Shakima Gilliam; Warren Gilliam; Desiree Golden; Gloria Gore; Lenora Holley; Kasandra Sheppard Jenkins; Terrance Leslie, Sr.; Sandra McDowell; Derrick McGee, Jr.; Brenda Moulhem; Alma Rene Smith Murry; Charlene Peake; Leslie Gilliam Peter; Angela Reid;

Orangelee Sheppard; Vernon Lee Sheppard; Charles Terry Sholer; Calvin Smith; Eric Smith; Fred Smith, Jr.; Gene A. Smith; James R. Smith; Joyce A. Smith; Loree Smith; Martha Miller Smith; Patrick Smith; Paul Smith; Reginald Lamont Smith; Tara Smith; Karen Regenia Spates; Rosalyn Annette Steven; Betty Jo Terry; Donald E. Terry; Deloris I. Terry; Gracie Terry; Jamie Terry; Keith Terry; Kelvin F. Terry; Leroy Terry; Mark G. Terry; Paul Terry, Jr.; Theodore Terry, Jr.; Porsha Williams; and  Pauline Workman are the Respondents/Appellants,

and

Unknown landowners, Reece W. Smith, Raymond Eddie Smith, Michael Smith, Odell Smith, United States of America and the United States of America, acting by and through its Agency, the Internal Revenue Service, Midland Funding, LLC, Sharonview Federal Credit Union, SC Department of Revenue, County of Greenville, Arrow Financial Services, LLC, SC Dept. of Mental Health, SC Attorney General, and Bullhead Investments, LLC, Zachery Arnold, Ettie Pearl Booker, Ira K. Carol, Johnny F. Cox, Wilford Daniels, Angela Gilliam, Bianca S. Gilliam, Demetrius J. Gilliam, Jerry Gilliam, Kehimonnie S. Gilliam, Terry Gilliam, John Glavin, Jr., John Glavin, Sr., Jeffrey Glavin, Miranda Glavin, Yolanda Glavin, Terrance Leslie, Terrell Leslie, Tearia Leslie, Donnette Ortchere, Jerome Smith, Melissa F. Smith, Michael Smith, James (Jimmy) Terry, Patricia Terry, Pearlie Mae Terry, and Sheila Terry are the Respondents.

Appellate Case No. 2015-001909

_____

Appeal from Greenville County
Charles B. Simmons Jr., Master-in-Equity

_____

Memorandum Opinion No. 2018-MO-038
Heard October 16, 2018 – Filed December 5, 2018

---

**AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED**

---

Kevin Dunlap, of Parker Poe Adams & Bernstein, LLP, of
Spartanburg, for Appellant/Respondent.

Erin Culbertson, of Kehl Culbertson Andrighetti, LLC, of
Greenville, and David B. Ward, of Horton, Drawdy, Ward,
Mullinax & Farry, P.A., of Greenville, for
Respondents/Appellants.

Trace M. Dillon, Ahmad Sharlyf Washington, Jeffrey D.
Wile, Kelley Yarborough Woody, Wylie Westmoreland
Clarkson, Charles Nathaniel Griffin III, Paul Andrew
McKee III, Sean Gordon Ryan, Kiera Courtney Dillon,
Jason Phillip Luther, and Alan Lance Crick, for
Respondents.  Zachery Arnold, Bullhead Investments,
LLC, Ettie Pearl Booker, Ira K. Carol, Johnny F. Cox,
Wilford Daniels, Discover Bank, c/o CT Corporation, GE
Commercial Finance Business Property Corporation, c/o
CT Corporation, Angela Gilliam, Bianca S. Gilliam,
Demetrius J. Gilliam, Jerry Gilliam, Kehimonnie S.
Gilliam, Terry Gilliam, John Glavin Jr., John Glavin Sr.,
Jeffrey Glavin, Miranda Glavin, Yolanda Glavin,
Terrance Leslie Jr., Terrance Leslie Sr., Teaira Leslie,
Donnette Gilliam Ortchere, Jerome Smith, Melissa F.
Smith, South Carolina Department of Mental Health, c/o
John Magill, James (Jimmy) Terry, Patricia Terry, Pearlie
Mae Terry, and Sheila Terry, pro se Respondents.

Keith M. Babcock and Ariail E. King, of Lewis Babcock
L.L.P., of Columbia, for Amicus Curiae South Carolina
Department of Commerce.

Michael M. Shetterly, of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., of Greenville, and Pamela A. Baker, of McNair Law Firm, P.A., of Columbia, for Amicus Curiae South Carolina Chamber of Commerce.

---

**PER CURIAM:** This is a cross-appeal from a condemnation award. Appellant/Respondent Piedmont Natural Gas Company, Inc. condemned a fifty-foot right of way across Respondents/Appellants' (Landowners) property for a natural gas pipeline. Piedmont deposited $172,200 with the clerk of court upon filing of the condemnation notice. After a bench trial, the trial court awarded Landowners $414,752 as just compensation for the taking. This award included damages for the physical taking of the easement and diminution in value to the remainder of Landowners' property. The trial court also awarded prejudgment interest and litigation costs to Landowners. In its appeal, Piedmont agues the trial court erred in (1) awarding $414,752 to Landowners; (2) awarding litigation expenses to Landowners; (3) admitting Landowners' expert witness testimony regarding the diminution in the value of Landowners' remaining property; (4) admitting lay opinion testimony regarding the diminution in the value of Landowners' remaining property; and (5) improperly considering the mediation in this case and settlements in other cases. In their appeal, Landowners challenge the trial court's award of prejudgment interest. We certified this case for review from the court of appeals pursuant to Rule 204(b), SCACR. We affirm in part, reverse in part, and remand.

## I. PIEDMONT'S APPEAL

As to Piedmont's appeal, we affirm the trial court pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the trial court erred in awarding $414,752 to Landowners: S.C. Code Ann. § 28-2-370 (2007) ("In determining just compensation, only the value of the property to be taken, any diminution in the value of the landowner's remaining property, and any benefits as provided in § 28-2-360 may be considered."). Contrary to the position advanced by Piedmont, this portion of the award was supported by evidence other than that stemming from the notion of stigma damages. Therefore, we need not decide the propriety of awarding "stigma damages" in a condemnation action. *See* Rule 220(c), SCACR; *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420-21, 526 S.E.2d 716, 723 (2000) (providing an appellate court may affirm any ruling, decision, or order of a lower court on any ground appearing in the record).

2. As to whether the trial court erred in awarding litigation expenses to Landowners: S.C. Code Ann. § 28-2-510(B) (2007) (a landowner who prevails in a condemnation proceeding, meaning that the compensation awarded "is at least as close to the highest valuation of the property that is attested to at trial on behalf of the landowner as it is to the highest valuation of the property that is attested to at trial on behalf of the condemnor," may recover reasonable litigation expenses).

3. As to whether the trial court erred in admitting Landowners' expert witness testimony regarding the diminution in the value of Landowners' remaining property: Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) ("Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial court."); *id.* ("[T]he trial court's decision will not be disturbed on appeal absent an abuse of discretion.").

4. As to whether the trial court erred in admitting lay opinion testimony regarding the diminution in the value of Landowners' remaining property: *Elledge v. Richland/Lexington Sch. Dist. Five*, 352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002) ("It is well settled that the admission and rejection of testimony is largely within the trial court's sound discretion, the exercise of which will not be disturbed on appeal absent an abuse of that discretion.").

5. As to whether the trial court erred in considering the mediation in this case and settlements in other cases: *Fields*, 363 S.C. at 25, 609 S.E.2d at 509 ("[T]he admission or exclusion of evidence in general is within the sound discretion of the trial court."); *id.* ("[T]he trial court's decision will not be disturbed on appeal absent an abuse of discretion."); Rule 408, SCRE (allowing the trial court to admit evidence of compromise negotiations for purposes other than "to prove liability for or invalidity of the [disputed] claim or its amount").

## II. LANDOWNERS' APPEAL

As noted above, Piedmont deposited the sum of $172,200 with the clerk of court upon filing of the condemnation notice. The trial court awarded just compensation of $414,752 and ordered Piedmont to pay Landowners prejudgment interest pursuant to section 28-2-420(A) of the South Carolina Eminent Domain Procedure Act, S.C. Code Ann. §§ 28-2-10 to -510 (2007 & Supp. 2018) (the Act). The trial court concluded section 28-2-420(A) requires prejudgment interest to be calculated on the amount of $242,552, which represents the difference between the amount Piedmont deposited with the clerk of court and the award of just compensation.[1]

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Id.* "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* However, even if the ordinary meaning of the wording of a statute is plain, we will reject that meaning when to accept that meaning would lead to a result so patently absurd that the Legislature could not have intended it. *State ex rel. McLeod v. Montgomery*, 244 S.C. 308, 314, 136 S.E.2d 778, 782 (1964).

Section 28-2-420(A) of the Act provides in pertinent part:

> A condemnor *shall pay interest at the rate of eight percent a year upon sums found to be just compensation* by the appraisal panel or judgment of a court to the condemnee. This interest shall accrue from the date of filing of the Condemnation Notice through the date of verdict or judgment by the court.

(emphasis added).

Landowners argue the plain language of section 28-2-420(A) mandates that Piedmont pay prejudgment interest on $414,752, as that was the "sum[] found to be just compensation." Piedmont first argues statutory prejudgment interest does not

---

[1] Section 28-2-420(A) also requires the interest earned while the funds are on deposit with the clerk of court to be subtracted from the award of prejudgment interest. Here, that sum was $52.08 and was subtracted by the trial court. This calculation is not challenged on appeal.

accrue on the amount deposited with the clerk of court but rather accrues, at most, on the difference between the funds deposited and the award of just compensation. Alternatively, Piedmont argues prejudgment interest should be computed on the difference between the amount of the award and fifty percent of the amount deposited. Piedmont bases its alternative argument upon section 28-2-480 of the Act (2007), which permits "all named condemnees" to apply for and receive a "draw down" of fifty percent of the amount deposited.

Section 28-2-480 provides:

> Upon written application, in form satisfactory to the clerk of court, by all named condemnees at any time after which the condemnor has taken possession, when the right to take is not contested, the clerk of court shall pay to them the amount applied for up to fifty percent of the funds deposited with the clerk of court by the condemnor in that action.

The trial court cited *S.C. Department of Transportation v. Faulkenberry*[2] as support for its conclusion that prejudgment interest was to be awarded on the difference between the just compensation award and the amount deposited by Piedmont. In *Faulkenberry*, the condemnor deposited $863,574 with the clerk of court upon filing of the condemnation notice. *Id.* at 144, 522 S.E.2d at 824. Under normal circumstances, the condemnee could have applied for payment of fifty percent of the deposited funds pursuant to section 28-2-480 of the Act. Even though section 28-2-480 would have restricted the *Faulkenberry* condemnee's draw down to fifty percent of $863,574, the parties agreed the condemnee would be paid the entire amount of the deposit. The condemnee received payment of the full deposit sixty-four days after the date of deposit. At trial, the jury awarded the condemnee $2,396,100. *Faulkenberry*, 337 S.C at 144, 522 S.E.2d at 824. Citing section 28-2-420(A), the condemnee claimed he was entitled to prejudgment interest on the full award from the date the condemnation notice was filed through the date of the verdict. *Id.* The trial court ordered prejudgment interest to be paid on the difference between the full award and fifty percent of the deposit. *Id.* at 145, 522 S.E.2d at 824. The court of appeals reversed the trial court and held the condemnee was entitled to prejudgment interest on the full award for a period of sixty-four days but held prejudgment interest stopped accruing on the full award after the condemnee was allowed to draw down the entire deposit. The court of appeals held that after

---

[2] 337 S.C. 140, 522 S.E.2d 822 (Ct. App. 1999).

the initial sixty-four days of prejudgment interest on the full award, the condemnee was entitled to prejudgment interest only on the difference between the full award and the one-hundred percent draw down. The court reasoned, "Faulkenberry had use of the whole deposit. This use was his 'fruit of possession.' He cannot also claim a right to the interest thereon as the two are 'mutually exclusive.'" *Id*. at 155, 522 S.E.2d at 829.

In the instant case, Landowners neither applied for the fifty percent draw down nor received payment of any part of the deposit. Landowners claim all named condemnees could not be located and that because section 28-2-480 requires "all named condemnees" to apply for a draw down, an application for a draw down was an impossibility. The trial court disagreed and reasoned that Landowners' ability to draw down one-hundred percent of the deposited funds were the "fruits of possession" of those funds and concluded that under *Faulkenberry*, Landowners could not have both the "fruits of possession" and prejudgment interest on the full award. We disagree with the trial court and first note that the one-hundred percent draw down in *Faulkenberry* was by agreement of the parties, not pursuant to statute. Absent that agreement, section 28-2-480 would have limited the *Faulkenberry* condemnee to a fifty percent draw down.

The question now becomes whether the statutory right of "all named condemnees" to apply for and receive a fifty percent draw down—here, $86,100—bars prejudgment interest on that sum. Section 28-2-420(A) provides "[a] condemnor shall pay interest at the rate of eight percent a year *upon sums found to be just compensation*;" that language is plain and unambiguous and evidences the Legislature's intent that the condemnor shall pay statutory prejudgment interest on the entire amount of just compensation awarded.

As noted, "all named condemnees" did not apply for a draw down. While section 28-2-480 gives all named condemnees the right to apply for and receive a fifty percent draw down, nothing in that section requires a condemnee to apply for the draw down. The plain language of section 28-2-420(A) is unaffected by the permissive language of section 28-2-480 and, under the facts of this case, requires prejudgment interest to accrue on the full award of just compensation. Therefore, we hold the trial court should have awarded prejudgment interest upon the full award of $414,752.

We cannot conclude this result is one that is so patently absurd that the Legislature could not have intended it. The Legislature could have easily written section 28-2-420(A) to account for circumstances in which "all named condemnees"

could not or did not apply for a draw down.  The Legislature did not do so, and we cannot re-write the statute to accomplish a result not intended by the Legislature.

## CONCLUSION

Based on the foregoing, we **REVERSE** the trial court's award of prejudgment interest and **REMAND** the matter to the trial court for computation of prejudgment interest and entry of judgment in a manner consistent with this opinion.  We **AFFIRM** the trial court as to all other issues.

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**