19260

Lizzie Mae SPRADLEY, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(182 S. E. (2d) 735)

432

*Messrs. Daniel R. McLeod, Atty. Gen., M. J. Bowen, Jr., Asst. Atty. Gen.,* of Columbia, *and Jones, Long, Barfield & Bouknight,* of Lexington, *for Appellant,*

*E. Pickens Rish, Esquire,* of Lexington, *for Respondent,*

July 29, 1971.

Moss, Chief Justice.

Lizzie Mae Spradley, the respondent herein, brought this action against the South Carolina State Highway Department, the appellant herein, under Article I, Section 17, of the 1895 Constitution of this State, to recover just compensation for the taking and damaging of her real property alleged to have been caused by the concentrated dumping and spilling of surface water thereon.

The respondent alleges in her complaint that in the fall of 1966 the appellant in the course of the widening of U.

S. Highway No. 321 did certain construction and repair work to said highway in front of and adjacent to her property. It is further alleged that prior to said repair and construction work the surface water which had gathered and accumulated upon the said road had emptied into a proper drainage without flooding, spilling or accumulating upon the property owned by her. It is then alleged that the appellant in making the above repairs and improvements failed to provide for the proper drainage of water from said highway and caused surface water to accumulate and be dumped and spilled in concentrated form upon her property thereby damaging same.

The defendant denied that the damage alleged to have been sustained by the respondent was caused by the widening of U. S. Highway No. 321. It further alleged that the highway in front of the property of the respondent was properly repaired and constructed with adequate facilities for the drainage of water therefrom and denied any liability to the respondent.

This case came on to trial before the Honorable James Hugh McFaddin, Presiding Judge, and a jury at the 1968 October Term of Court of Common Pleas for Lexington County. At the appropriate stages of the trial the appellant moved for a nonsuit and directed verdict. These motions were refused and the case submitted to the jury resulting in a judgment in favor of the respondent. The appellant then moved for judgment *non obstante veredicto* and, in the alternative, for a new trial. Such motions were refused and this appeal followed.

The exceptions of the appellant, preserved by the foregoing motions, raise the question of whether the trial judge should have ruled that there was insufficient evidence of any act or acts on the part of the appellant, in connection with the repair or improvement to the highway in question, which caused damage to or the taking of the property of the respondent, within the purview of Article I, Section 17 of the 1895 Constitution of this State.

The Constitution of this State, Article I, Section 17, provides, that "* * * private property shall not be taken * * * for public use without just compensation being first made therefor." In the construction of this Article of our Constitution, we do not recognize a distinction between "taking" and "damaging". A deprivation of the ordinary beneficial use and enjoyment of one's property is equivalent to the taking of it, and is as much a "taking" as though the property was actually appropriated. *Webb v. Greenwood County,* 229 S. C. 267, 92 S. E. (2d) 688; *Early et al. v. South Carolina Public Service Authority,* 228 S. C. 392, 90 S. E. (2d) 472; *Chick Springs Water Company v. State Highway Department,* 159 S. C. 481, 157 S. E. 842, and *Milhous v. State Highway Department,* 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186.

The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which makes property valuable, including the right of user and enjoyment. Accordingly, it has been held that the erection and maintenance of a public work under lawful authority in such a way as to destroy the beneficial use of adjacent land or property may constitute a taking, although there is no physical invasion of the property itself. *Gasque v. Town of Conway,* 194 S. C. 15, 8 S. E. (2d) 871, *Collins v. City of Greenville, South Carolina,* 233 S. C. 506, 105 S. E. (2d) 704, and *Owens v. South Carolina State Highway Department,* 239 S. C. 44, 121 S. E. (2d) 240.

In *Baynham v. State Hwy. Dept.,* 181 S. C. 435, 187 S. E. 528, it was held that when a public agency acting under authority of statute uses land which it has lawfully acquired for public purposes in such a way that neighboring real estate, belonging to a private owner, is actually invaded by superinduced addition of water so as effectually to destroy or impair its usefulness, there is a taking within the meaning of the constitution. It was also held in the

cited case that it was for the jury to determine whether or not the construction by the highway department was "real factor, or at least a participating one," in bringing about the damage to or destruction of the neighboring real estate.

The sole issue to be here determined is whether or not the trial judge should have directed the verdict in favor of the appellant. In passing upon this question, it is well settled that the evidence must be viewed in the light most favorable to the respondent, and if more than one reasonable inference can be drawn from the evidence or if the inferences to be drawn therefrom are in doubt, the case was properly submitted to the jury. However, if the only reasonable inference to be drawn from all of the evidence is that the respondent failed to prove the case alleged, it was the duty of the trial judge to direct a verdict against her. *Lail v. S. C. State Hwy. Dept.,* 244 S. C. 237, 136 S. E. (2d) 306.

We must now examine the evidence to determine if such is susceptible of a reasonable inference that the damage to the property of the respondent was caused by the appellant to such extent, or in such manner, as to constitute a taking thereof within the meaning of the constituion.

The respondent is the owner of a one acre lot of land situated on the western side of U. S. Highway No. 321, in the Town of Gaston, South Carolina, and located thereon is her home, cafe, and motel. Some time during November of 1966 the appellant undertook to widen U. S. Highway No. 321 in front of the property of the respondent and completed this project during the early summer of 1967. It appears that the edge of the improved highway was nineteen feet closer to her lot than the outside edge of the old highway. The widened highway was constructed with a curb and gutter and where the respondent's driveway entered the highway the curbing was depressed to facilitate ingress and egress. Prior to the improvement and reconstruction work

here in question, there was no curb or gutter separating the lot of the respondent from the highway.

The respondent offered testimony tending to show that prior to the widening of said highway she experienced no problem with the accumulation of surface water on her property. The respondent testified that after the highway was widened surface water would acumulate in the gutter thereof and flow through the driveway entrances onto her property and become trapped in an area immediately in front of her building. The respondent further testified that after the water became trapped in front of her building it would flow under the doors and into the building, necessitating the bricking up of said doors and the changing of the use of said building.

The resident construction engineer of the appellant testified that the highway section adjacent to the property of the respondent was widened in accordance with highway plans and specifications approved by the Federal Government. This witness said the highway was widened towards the respondent's property for a distance of 19 feet. He testified that the highway, after it was widened, sloped in an easterly direction and away from the property in question. He stated that the difference in elevation between the respondent's side of the new highway and the other side was between 1.12 feet and 2.16 feet, depending on the points in question. He further gave as his opinion that the surface water would shed across the highway to the low side thereof and away from the property of the respondent. He testified that due to the manner in which the driveway entrances were constructed, surface water was prevented from flowing onto the property of the respondent through such driveways.

The appellant herein in the improvement of the highway had no duty to provide perfect drainage in the area and was bound to furnish drainage only at least equal in capacity and efficiency to that existing prior to the reconstruction of the highway. *Millhouse v. State Hwy. Dept.,* 194 S. C.

33, 8 S. E. (2d) 852, and *Lail v. S. C. State Hwy. Dept.,* *supra.*

We have carefully reviewed all of the evidence in this case and conclude that the trial judge properly submitted to the jury the question of whether the appellant in making the repairs and improvements to the highway failed to provide for the proper drainage of surface water therefrom, and caused such to accumulate and be dumped and spilled in concentrated form on the property of the respondent and thereby damaging same. It follows that the trial judge was not in error in refusing the several motions of the appellant.

The exceptions of the appellant are overruled and judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.