1399

Robert Edward NEWSOME, Respondent v. TOWN OF SURFSIDE BEACH, Appellant.

(386 S. E. (2d) 274)

Court of Appeals

*John C. Thomas* and *William E. Lawson* of *McCutcheon, McCutcheon & Baxter,* Conway, *for appellant.*

*Dalton B. Floyd, Jr.* and *Kathryn C. DeAngelo* of *Nettles, Floyd, Turbeville & Reddeck,* Surfside Beach, *for respondent.*

Heard Sept. 18, 1989.

Decided Oct. 30, 1989.

SHAW, Judge:

Respondent, Robert Edward Newsome, sued appellant, Town of Surfside Beach, for flood damage to his property under S. C. Code Ann. § 5-31-450 (1976) and under the theory of inverse condemnation. The jury returned a general verdict for Newsome for $35,000 actual damages. The Town appeals. We affirm.

Mr. Newsome owns a home on a front row lot at Surfside Beach on Seaside Drive. In the past, there have been certain drainage problems in the area of his property. In 1983 and 1985, heavy rainfalls occurred causing the area to flood. On these occasions, the water would run down Fifth Avenue, draining into the ocean. The property of Mr. Noel Auman, located on the corner of Fifth Avenue and Seaside Drive, next door to Mr. Newsome, suffered major damage from the 1983 and 1985 rainfalls while Mr. Newsome's property suffered little damage, if any.

Sometime in December 1986 or January 1987, a storm and an unusually high tide destroyed the sand dunes in Mr. Newsome's area and also washed out a portion of Fifth Avenue four to six feet deep back past Seaside Drive. Thereafter, the beachfront owners, including Mr. Newsome, renourished the dunes in front of their houses and the Town renourished the dunes at the end of Fifth Avenue. The Town also rebuilt the washed out portions of Fifth Avenue.

On April 15, 1987, heavy rainfall caused flooding throughout the town. The flood waters flowed toward the beach. The sand dunes in Mr. Newsome's area dammed the waters, creating a pool of water in the area. Eventually, the waters breached the dune directly behind Mr. Newsome's house and the pool of water drained beneath Mr. Newsome's stilted house causing erosion and partial collapse of the house. This suit followed.

The Town contends the trial judge erred in failing to direct a verdict or grant a judgment notwithstanding the verdict on the cause of action for inverse condemnation. It argues the evidence presented at trial failed to establish the performance of an overt or positive act on the part of the Town sufficient to impose liability. We disagree. [See *McGann v. Mungo*, 287 S. C. 561, 340 S. E. (2d) 154 (Ct. App. 1986). To be actionable under the theory of inverse condemnation, a taking must grow out of a positive or aggressive step.]

In ruling on motions for directed verdict and judgment notwithstanding the verdict, the trial court must view the evidence and inferences therefrom in the light most favorable to the nonmoving party and must deny the motions if either the evidence yields more than one inference or its

inferences are in doubt. If there is any evidence to sustain the factual findings implicit in the jury's verdict, this court will affirm. *Hilton Head Island Realty, Inc. v. Skull Creek Club*, 287 S. C. 530, 339 S. E. (2d) 890 (Ct. App. 1986).

At trial, Mr. Newsome testified that, in rebuilding Fifth Avenue in January of 1987, the Town actually raised the level of Fifth Avenue approximately seventeen inches. This was corroborated by Mr. Newsome's expert witness, Mr. D. C. Barbot, who stated topography maps showed the area at the end of Fifth Avenue was the lowest area until the street was built up, making Mr. Newsome's property the lowest area. Mr. Barbot further testified as follows:

> In my opinion, the fact the streets had been built up, as a result of the January storm, and property owners had not built their land up, and the dune at the end of Fifth Avenue had been built up, that created the dam where, in the past, in the '83 and '85 storms, that had been where the water had gone out. It had gone out, it had caused damage to the city property, in washing the street out, but ... it had not damaged any of the rest of the houses in that area ... but once that dam was constructed, the renourishment, essentially, created a dam across where the natural water course had gone in the past, right there, and that then, in turn, made Mr. Newsome's house the lowest piece of property along there, once the street was built up.
>
> ... [The City ... as a result of the ... December/January flooding, they had rebuilt this street ... the street was then higher than Mr. Newsome's house and Mr. Newsome's house was, unfortunately then became the lowest piece of land along there, and so the water, naturally, congregated at the lowest place along that street, which was in Mr. Newsome's house.]

From this evidence the jury could have easily concluded that the building up of Fifth Avenue satisfied the requirement of an overt or positive action by the Town necessary to prove a taking under a cause of action for inverse condemnation.

The Town further contends Mr. Newsome failed to prove

an overt act which caused the damage to his property. We note the Town raises the issue of causation for the first time on appeal. Where the record fails to show appellant's contentions were in any manner presented to or passed on by the trial judge, such contentions will not be considered on appeal, for the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act in some manner. Accordingly, a trial judge will not be reversed for failing to act on a matter not submitted to him. *Roche v. S. C. Alcoholic Beverage Control Commission,* 263 S. C. 451, 211 S. E. (2d) 243 (1975).

Because we find the jury's verdict to be viable under the theory of inverse condemnation, we need not address the issue of demand required under S. C. Code Ann. § 5-31-450 (1976). We find all other issues raised to be manifestly without merit and therefore affirm under S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and CURETON, JJ., concur.