618 S.E.2d 299

Gregg M. COBB, Respondent,

v.

The SOUTH CAROLINA DEPARTMENT
OF TRANSPORTATION, Petitioner.

Ernest R. Leopard, Respondent,

v.

The South Carolina Department of Transportation, Petitioner.

Louise S. Campbell and James Robert Campbell, Respondents,

v.

The South Carolina Department of Transportation, Petitioner.

Ruby D. Bowen, Respondent,

v.

The South Carolina Department of Transportation, Petitioner.

Robert P. Harling, Respondent,

v.

The South Carolina Department of Transportation, Petitioner.

No. 26026.

Supreme Court of South Carolina.

Heard June 16, 2005.

Decided Aug. 15, 2005.

Robert L. Widener, of McNair Law Firm, P.A., and Beacham O. Brooker, Jr., both of Columbia, for petitioner.

David B. Ward, of Horton, Drawdy, Ward & Jenkins, P.A., of Greenville, for respondents.

Justice MOORE:

We granted a writ of certiorari to review the Court of Appeals' order dismissing petitioner's appeal. We affirm as modified.

## FACTS

Respondents (Landowners) commenced these actions for inverse condemnation claiming that closure of a public street in the City of Easley damaged their property. Petitioner South Carolina Department of Transportation (DOT) moved to transfer Landowners' cases to the non-jury docket. Judge Few ruled Landowners have a right to a jury trial in the compensation phase of trial; he left decisions regarding "bifurcation" to the trial judge. DOT's appeal of this order was dismissed.

## ISSUE

Is the circuit court's order immediately appealable?

## DISCUSSION

In denying DOT's motion to transfer Landowners' cases to the non-jury docket, Judge Few's order states:

I find that the landowners *do* have a right to a jury trial in the compensation phase of this inverse condemnation case. Questions related to the mode of trial, such as whether to bifurcate the takings and compensation phases, are left for the trial judge.

(emphasis in original). The Court of Appeals found this order is not a final order and dismissed DOT's appeal.

The Court of Appeals construed Judge Few's order as leaving the "mode of trial" decision entirely to the trial judge's discretion. We do not read this order so narrowly. Judge Few clearly ruled that Landowners are entitled to jury trials in the compensation phase of each case. This ruling, which cannot be overturned by the judge who eventually tries these cases,[1] leaves only procedural issues such as "bifurcation." In light of DOT's argument at the hearing before Judge Few, "bifurcation" refers to DOT's request that the taking and compensation issues be separated. DOT contended below, as it does here, that there should be a non-jury bifurcated proceeding allowing it to decide whether to pay compensation or "undo" the taking by restoring Landowners' property to its previous condition. Bifurcation in this context does not refer to the mode of trial issue involved in determining whether a case is tried in a jury or non-jury proceeding.

■ Reading Judge Few's order as allowing a jury trial in the compensation phase, we turn to the issue whether such an order is immediately appealable. If an order deprives a party of a mode of trial to which that party is entitled as a matter of right, the order is immediately appealable and failure to do so forever bars appellate review. *Flagstar Corp. v. Royal Surplus Lines,* 341 S.C. 68, 533 S.E.2d 331 (2000); *Foggie v. CSX Transp., Inc.,* 313 S.C. 98, 431 S.E.2d 587 (1993); *see also Pelfrey v. Bank of Greer,* 270 S.C. 691, 244 S.E.2d 315 (1978) (an order allowing a jury trial is immediately appealable where there is no such entitlement as a matter of right). DOT asserts there is no right to a jury trial in an inverse condemnation case and therefore Judge Few's order is immediately appealable.

■ Although there are several appellate decisions involving jury trials in inverse condemnation cases,[2] we have never

---

1. *See Cook v. Taylor,* 272 S.C. 536, 252 S.E.2d 923 (1979) (one circuit judge does not have power to reverse an order of another circuit judge regarding the proper mode of trial).

2. *E.g., Cutchin v. South Carolina Dep't of Hwys. and Pub. Transp.,* 301 S.C. 35, 389 S.E.2d 646 (1990); *Vick v. South Carolina Dep't of Transp.,*

addressed the issue whether a landowner is entitled to a jury trial as a matter of right. The constitutional right to a jury trial is found in article.I, § 14, of the South Carolina Constitution which states that "the right of trial by jury shall be preserved inviolate." The right to a jury trial is protected under this provision only if such a right existed in 1868 when our constitution was adopted. *State v. Gibbes,* 109 S.C. 135, 95 S.E. 346 (1918); *see also Unisys Corp. v. South Carolina Budget and Control Bd.,* 346 S.C. 158, 551 S.E.2d 263 (2001) (no constitutional right to a jury trial in an action against the sovereign not recognized at time constitution was adopted). We have specifically held there is no constitutional right to a jury trial in an eminent domain case because there was no such right when our constitution was adopted. *Gilmer v. Hunnicutt,* 57 S.C. 166, 35 S.E. 521 (1900).

■ This constitutional analysis applies with equal force in the analogous context of an inverse condemnation action. In eminent domain proceedings, a governmental entity is the moving party seeking to take property in exchange for compensation. In inverse condemnation cases, the property owner is the moving party claiming an act of the sovereign has damaged his property to the extent of an actual taking entitling him to compensation. *South Carolina State Hwy. Dep't v. Moody,* 267 S.C. 130, 226 S.E.2d 423 (1976). These actions are treated alike under the takings clause of our State Constitution.[3] *E.g., Spradley v. South Carolina State Hwy. Dep't,* 256 S.C. 431, 182 S.E.2d 735 (1971); *South Carolina State Hwy. Dep't v. Moody, supra; King v. South Carolina State Hwy. Dep't,* 248 S.C. 64, 149 S.E.2d 64 (1966); *Milhous v. State Hwy. Dep't,* 194 S.C. 33, 8 S.E.2d 852 (1940); *Chick Springs Water Co. v. State Hwy. Dep't,* 159 S.C. 481, 157 S.E. 842 (1931). Because an eminent domain action and an inverse condemnation action are treated equally under our constitution, we hold there is no constitutional right to a jury trial in

347 S.C. 470, 556 S.E.2d 693 (Ct.App.2001) (parties agreed to jury trial in compensation phase); *Ravan v. Greenville County,* 315 S.C. 447, 434 S.E.2d 296 (Ct.App.1993); *Gray v. South Carolina Dep't of Transp.,* 311 S.C. 144, 427 S.E.2d 899 (Ct.App.1992); *Newsome v. Town of Surfside Beach,* 300 S.C. 14, 386 S.E.2d 274 (Ct.App.1989).

3. Article I, § 17, provides that "private property shall not be taken . . . for public use without just compensation being first made therefor."

an inverse condemnation case just as no such right exists in an eminent domain case. Other courts have used this analysis to reach this same conclusion. *See Cumberland Farms, Inc. v. Town of Groton,* 262 Conn. 45, 808 A.2d 1107 (2002); *Dep't of Ag. and Consumer Servs. v. Bonanno,* 568 So.2d 24 (Fla.1990); *cf. Housing Fin. and Dev. Corp. v. Ferguson,* 91 Hawai'i 81, 979 P.2d 1107 (1999) (right to jury trial existed in 1959 when state constitution was adopted).

▮▮▮ Despite the fact there is no constitutional right to a jury in an eminent domain case, such a right is provided by statute. South Carolina Code Ann. § 28-2-310 (1991) provides in an eminent domain action a property owner or the condemnor may elect a jury trial on the issue of compensation. In light of the historical treatment of an inverse condemnation action as equivalent to an eminent domain case, we conclude this statutory right to a jury trial on the issue of compensation applies as well in inverse condemnation actions. *See State v. Bridgers,* 329 S.C. 11, 495 S.E.2d 196 (1997) (General Assembly is presumed to be aware of the common law when enacting legislation); *accord Brock v. State Hwy. Comm'n,* 195 Kan. 361, 404 P.2d 934 (1965) (in inverse condemnation action same rules apply as in condemnation proceeding). Accordingly, in an inverse condemnation case, the trial judge will determine whether a claim has been established; the issue of compensation may then be submitted to a jury at either party's request.[4]

## CONCLUSION

Landowners are entitled to a jury trial in the compensation phase as provided in Judge Few's order. DOT therefore has not been deprived of a mode of trial to which it is entitled as a matter of right. Accordingly, we affirm the dismissal of DOT's appeal. DOT's contention that it is entitled to a bifurcated proceeding in order to allow it to "undo" its actions as an alternative to compensation is an issue that is not before us since there has been no ruling below. *Humbert v. State,*

---

4. The Court of Appeals recently approved such a bifurcated proceeding in an inverse condemnation action. *Hardin v. South Carolina Dep't of Transp.,* 359 S.C. 244, 597 S.E.2d 814 (Ct.App.2004).

345 S.C. 332, 548 S.E.2d 862 (2001) (issues not ruled upon in the trial court will not be considered on appeal).

**AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.