# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

John Burke, William Burt, Sr., Thomas Cooper, Mike Ellison, Harold J. Hanson, David McKee, Plaintiffs,

Of whom John Burke is the Respondent,

v.

The South Carolina Department of Transportation, Appellant.

Appellate Case No. 2017-001881

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Opinion No. 5709
Heard October 15, 2019 – Filed January 15, 2020

———————

**AFFIRMED**

———————

James Drayton Nance, of Nance, McCants & Massey, of Aiken, for Appellant.

Tucker S. Player, of Player Law Firm, LLC, of Columbia, for Respondent.

———————

**HILL, J.:** In this appeal, we must decide whether prejudgment interest in an inverse condemnation case is a question for the jury or the court. We conclude it is one for the court and affirm the trial court's award of prejudgment interest.

## I.

John Burke sued the South Carolina Department of Transportation (SCDOT) alleging it had inversely condemned his property during construction on the I-520 bypass in Aiken County. At trial, the circuit court did not instruct the jury on prejudgment interest nor did Burke or SCDOT request such an instruction as part of the definition of just compensation. The jury awarded Burke $134,000 as just compensation.

After trial, Burke asked the trial court to award him prejudgment interest. The trial court found the date of taking to be the date Burke commenced his lawsuit, and awarded him prejudgment interest. In calculating the interest, the trial court relied on section 28-2-420 of the South Carolina Eminent Domain Procedure Act (2007) (the Act), which states "[a] condemnor shall pay interest at the rate of eight percent a year upon sums found to be just compensation by the appraisal panel or judgment of a court to the condemnee." SCDOT now appeals, contending only the jury may award interest in inverse condemnation cases.

## II.

This appeal presents a novel issue of law, which we decide *de novo*. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 718–19 (2000). Inverse condemnation is a common law action derived from the takings clause of our state and federal constitutions. *Vick v. S.C. Dep't of Transp.*, 347 S.C. 470, 480, 556 S.E.2d 693, 698 (Ct. App. 2001); *see also Cobb v. S.C. Dep't of Transp.*, 365 S.C. 360, 364, 618 S.E.2d 299, 301 (2005) (noting inverse condemnation cases and eminent domain proceedings are "treated alike under the takings clause of our State Constitution," but acknowledging inverse condemnation is a common law cause of action). Inverse condemnation occurs when the normal condemnation procedure is inverted: the government has taken private property without initiating the formal condemnation process of the Act. *See Georgetown Cty. v. Davis & Floyd, Inc.*, 426 S.C. 52, 61, 824 S.E.2d 471, 476 (Ct. App. 2019), *cert. granted*, S.C. Sup. Ct. order dated Aug. 5, 2019. SCDOT concedes Burke is entitled to prejudgment interest, but argues that in an inverse condemnation action only the jury can award it.

There is considerable tension in our inverse condemnation precedent. In *Vick*—the sole authority SCDOT relies upon—this court held the Act's provision on interest does not apply to inverse condemnation actions. 347 S.C. at 479–81, 556 S.E.2d at 698–99. *Vick* did not hold that prejudgment interest was exclusively a jury question; it found the trial court did not err in charging the jury it could consider interest as

part of its just compensation award. *See id.* at 484 n.3, 556 S.E.2d at 701 n.3. The court in *Vick* suggested *South Carolina State Highway Department v. Miller*, 237 S.C. 386, 117 S.E.2d 561 (1960), "implies that interest recoverable in inverse condemnation actions is an issue to be charged to the jury for its determination as a measure of damages." 347 S.C. 481, 556 S.E.2d at 699. *Miller* assumed "without deciding" that interest was recoverable in a condemnation action. 237 S.C. at 392, 117 S.E.2d at 564. Yet a year after *Miller* (which was not an inverse case), the court ruled interest was not recoverable at all in condemnation actions. *S.C. State Highway Dep't v. S. Ry. Co.*, 239 S.C. 1, 5–6, 121 S.E.2d 236, 238 (1961). This did not change until 1987 when the Act became law and included an interest recovery provision. *See S.C. Dep't of Transp. v. Faulkenberry*, 337 S.C. 140, 150–51, 522 S.E.2d 822, 827–28 (Ct. App. 1999) (discussing history of interest recovery in condemnation cases).

Furthermore, four years after *Vick*, our supreme court in *Cobb* held the Act's provision of a right to a jury trial applies to inverse condemnation actions. *See Cobb*, 365 S.C. at 365, 618 S.E.2d at 301 (concluding the Act is applicable to the inverse condemnation right to a jury trial "[i]n light of the historical treatment of an inverse condemnation action as equivalent to an eminent domain case").

The Fourth Circuit has stated, in the context of an inverse condemnation claim based on the fifth amendment takings clause of the federal constitution, that "[i]nterest, as an element of just compensation, ordinarily should be determined by the trier of fact." *Tony Guiffre Distrib. Co., Inc. v. Washington Metro. Area Transit Auth.*, 740 F.2d 295, 298 (4th Cir. 1984) (affirming the denial of prejudgment interest when the issue was first raised by post-trial motion). We have held, though, that the appropriateness of a statutory award of prejudgment interest is a question of law. *See Keane v. Lowcountry Pediatrics, P.A.*, 372 S.C. 136, 143, 641 S.E.2d 53, 57 (Ct. App. 2007).

To complicate things further, this court has declared "[i]t is well settled in this state that the award of prejudgment interest is a function of the trial court, and has never been held to be an issue of fact requiring its submission in a jury trial." *Bickerstaff v. Prevost*, 380 S.C. 521, 524, 670 S.E.2d 660, 661 (Ct. App. 2009) (affirming post-trial award of prejudgment interest in breach of contract case).

We conclude *Cobb*'s overarching premise—that inverse condemnations should not be subject to different procedural rules than traditional condemnations governed by the Act—controls. There is no good reason to treat the two differently. It would be strange to tell inverse condemnation juries they must consider and calculate interest,

while juries in statutory condemnation actions would be relieved of the task. In both cases, the jury's role is to determine just compensation.

*Miller* presumed a jury's just compensation award includes interest. The Act deflates this presumption, for § 28-2-420 requires that the condemnor shall pay interest upon the just compensation award, and the interest "shall accrue from the date of filing of the Condemnation Notice through the date of verdict or judgment by the court." In *Vick*, the trial court instructed the jury that it could include interest as part of its just compensation award. 347 S.C. at 484 n.3, 556 S.E.2d at 701 n.3. Here the trial court did not mention interest in defining just compensation, and that definition is now the law of the case. The jury would have therefore been clairvoyant (and rogue) to have included interest as part of its just compensation award. It was given a traditional just compensation charge, which stated:

> [T]he amount that the governmental agency should pay a landowner in order to adequately compensate the landowner for a taking of his property is called just compensation. It is that amount of money which would . . . put the landowner in as good a position monetarily as he was prior to the taking of the property. . . . He's entitled to have the full equivalent of the value of such use at the time of the taking . . . And this is probably the heart of what just compensation is: The measure of damages from the taking is the difference in the value of the landowner's land before the taking and after the taking.

As this instruction suggests, just compensation can be viewed as a snapshot in time: a picture of the property's market value at the moment of taking. This scene does not yet include the background of the landowner's right to interest, which has not accrued at the moment of taking, but is added later to compensate the landowner for the loss of the use of his money between the time of the government's taking of his property and the judgment. Burke lost the use of his money for over three years. *See Faulkenberry*, 337 S.C. at 149, 522 S.E.2d at 826. We therefore hold that a request for prejudgment interest on a just compensation award in an inverse condemnation action is for the trial court and not the jury.

Accordingly, the circuit court properly awarded prejudgment interest. We therefore affirm the trial court's reliance on § 28-2-420.

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS, J., concur.**