# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

South Carolina Department of Commerce, Division of Public Railways, Respondent,

v.

Clemson University, Respondent,

And

Charleston County School District, Appellant.

Appellate Case No. 2017-000060

Appeal from Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Opinion No. 5783
Heard February 4, 2020 – Filed November 18, 2020

**AFFIRMED**

M. Dawes Cooke, Jr. and John William Fletcher, both of
Barnwell Whaley Patterson & Helms, LLC; Abigail
Budd Walsh, of Williams & Walsh, LLC; and
Christopher L. Murphy, of Murphy Law Offices, LLC,
all of Charleston, for Appellant.

Keith M. Babcock and Ariail Elizabeth King, both of
Lewis Babcock L.L.P., of Columbia; Derek Farrell Dean,
of Simons & Dean, of Charleston; Stephen A. Spitz, of
Spitz & Neville, LLC, of Charleston; and Karen Blair
Manning, of the South Carolina Department of

Commerce, of Columbia, for Respondent South Carolina Department of Commerce, Division of Public Railways.

Newman Jackson Smith, Jr., of Nelson Mullins Riley & Scarborough, LLP, of Charleston, and Wendy Wilkie Parker, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent Clemson University.

————————

**LOCKEMY, C.J.:** In this condemnation action, Charleston County School District (the School District) appeals the circuit court's order transferring the case to the non-jury trial roster. The School District argues the circuit court erred by depriving it of its right to a jury trial because (1) it was entitled to a jury trial pursuant to the South Carolina Eminent Domain Procedure Act[1] (the Act), (2) section 28-2-460 of the Act did not require a non-jury trial, and (3) a non-jury trial was not required notwithstanding the equitable nature of the School District's interest in the property at issue. We affirm.

## FACTS/PROCEDURAL HISTORY

In December 2010, the South Carolina Department of Commerce, Division of Public Railways (the Department), filed a condemnation notice to acquire property consisting of 69.96 acres (the Entire Tract) and owned by Clemson University (Clemson). The Department named Clemson as the landowner and the School District as one of eight "other condemnees" in the action.[2] The Department elected not to utilize the appraisal panel procedure, offered tender of $9,645,000 to Clemson as just compensation for the Entire Tract, and demanded a jury trial. The School District subsequently filed a notice of appearance and demanded a jury trial on the issue of just compensation.

The circuit court issued a consent order of limited reference in April of 2014, which stayed the underlying condemnation action. According to the order, all parties agreed that in 1996, the Charleston Naval Complex Redevelopment

---

[1] S.C. Code Ann. §§ 28-2-10 to -510 (2007 & Supp. 2019).
[2] S.C. Code Ann. § 28-2-280(C)(2) (2007) (requiring the condemnor to "designate as 'landowner' all persons who are record owners of fee simple title and as 'other condemnees' all persons who, to condemnor's knowledge, have or claim any record interest in the property to be taken"). The remaining other condemnees were dismissed from the action by consent order.

Authority (the RDA) and the School District entered into a sublease concerning an Academic Magnet High School.[3] However, the parties submitted the following matters to a limited special referee: (1) whether the sublease expired, (2) how much property was included in the sublease, (3) whether the School District had any rights to such property after it was conveyed from the RDA to the City of North Charleston, (4) whether the School District had any rights in such property after North Charleston conveyed it to Clemson, and (5) whether the School District had any rights in the property when the condemnation notice was filed.

After hearing the matter, the special referee found the sublease expired in September of 2001 and the School District continued as a tenant at will thereafter. The special referee determined the School District had no equitable title in the property but found it had an equitable interest in the 3.74-acre parcel consisting of the campus of the Academic Magnet High School. The special referee concluded the School District made improvements to that property during the term of its sublease and its use of the property thereafter "with the reasonable expectation it would occupy and use the property for an extended period." Additionally, he found the School District's interest "extended up to and include[ed]" the date the condemnation action was filed but noted his authority did "not include whether that interest ha[d] any monetary value, and if so, how much." The City of North Charleston, Clemson, and the Department moved to alter or amend the special referee's order, and the special referee denied the motion.

The Department then moved the circuit court to transfer the case to the non-jury trial roster. Clemson advised the circuit court that it had reached an agreement with the Department pursuant to which Clemson was to receive land in exchange for the condemnation of the Entire Tract in lieu of financial consideration and waived its right to any monetary compensation. The School District acknowledged it was not a "lessee" but stated it had a "possessory interest in the property." It argued because Clemson and the Department agreed to exchange land in place of compensation, the Act required a jury trial on the issue of just compensation for the Entire Tract and a subsequent apportionment hearing.

The circuit court issued an order transferring the case to the non-jury trial roster. The court concluded the School District had no right to a jury trial. It found (1) state law provided only the landowner, not other condemnees, the right to a jury trial; (2) the equitable nature of the School District's interest called for the court to decide the matter sitting in equity; and (3) any compensation owed to the School

---

[3] The RDA was one of the named "other condemnees" in the condemnation action.

District should be determined in an equitable proceeding similar to that provided in section 28-2-460.[4]

The School District moved the circuit court to reconsider its order and clarified it did not demand a jury trial as to the Entire Tract but only as to the value of its equitable interest.[5]  The circuit court denied the motion.  This appeal followed.

**STANDARD OF REVIEW**

"Whether a party is entitled to a jury trial is a question of law."  *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010).  Likewise, "[a]n issue regarding statutory interpretation is a question of law."  *Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) (quoting *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005)).  "[T]his Court reviews questions of law de novo."  *Id.* (alteration in original) (quoting *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008)).

**I.  Entitlement to Jury Trial Under the Act**

The School District argues the Act provided it a statutory right to a jury trial on the issue of just compensation and a jury trial was the mandatory default under the Act unless the parties unanimously demanded a non-jury trial.  In addition, it asserts that pursuant to Rules 38 and 39, SCRCP, the Department could not withdraw its jury trial demand without the consent of all parties.  We disagree.

"The right of trial by jury, guaranteed by our Constitution, is only applicable to those cases in which a jury trial was required at the time of the adoption of the Constitution."  *McGlohon v. Harlan*, 254 S.C. 207, 215, 174 S.E.2d 753, 757 (1970).  Our appellate courts "have specifically held there is no constitutional right to a jury trial in an eminent domain case because there was no such right when our constitution was adopted."  *Cobb v. S.C. Dep't of Transp.*, 365 S.C. 360, 364, 618 S.E.2d 299, 301 (2005); *see also* 18 S.C. Jur. *Eminent Domain* § 41 (1993) ("At common law, there was no right to a trial by jury, and none was established under the South Carolina constitution.").  However, "such a right is provided by statute."

---

[4] S.C. Code Ann. § 28-2-460 (2007) (providing the procedure for dividing a just compensation award among the parties).

[5] The settlement agreement between Clemson and the Department was also filed on this date, and it provided the Department would dismiss Clemson from the action.

*Cobb*, 365 S.C. at 365, 618 S.E.2d at 301.  "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."  *State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 519 (Ct. App. 2011) (quoting *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010)).  "If the language of a statute is unambiguous and conveys a clear and definite meaning, then the rules of statutory interpretation are not needed and the court has no right to impose a different meaning."  *Id.* at 188, 720 S.E.2d at 519-20.  "In interpreting a statute, the court will give words their plain and ordinary meaning[] and will not resort to forced construction that would limit or expand the statute."  *Id.* at 188, 720 S.E.2d at 520.

Section 28-2-240 of the Act (2007) provides,

> (A) If the condemnor elects to proceed under this section, and the amount tendered in the Condemnation Notice is rejected, the condemnor shall file the Condemnation Notice with the clerk of court, if not already filed, and shall serve upon the landowner and file with the clerk an affidavit stating:
>
> > (1) that the amount tendered . . . has been rejected;
> >
> > (2) that the condemnor demands a trial not earlier than sixty days after the date of service of the affidavit, which date must be certified on the copy filed with the clerk;
> >
> > (3) whether the condemnor demands a trial by jury or by the court;
> >
> > (4) whether the condemnor demands that the trial be given priority over other cases; and
> >
> > (5) the name and known address of each landowner whom the clerk should notify of the call of the case for trial. The affidavit may be executed by the condemnor or by its attorney.

(B) After the filing of the affidavit, the case shall proceed as provided in Article 3.

Regarding the mode of trial, Article 3 of the Act provides:

(A) Upon the filing of the affidavit described in § 28-2-240(A) . . . the action must be tried as provided in this article.

(B) If the condemnor and the landowner have demanded trial by the court without a jury, the clerk shall place the action on the nonjury trial roster. Otherwise, the action must be placed on the jury trial roster.

S.C. Code Ann. § 28-2-310(A)-(B) (2007). Additionally, section 28-2-280, states that when a condemnor elects to proceed under section 28-2-240, its condemnation notice shall state whether the condemnor "demands a trial by jury or by the court without a jury" and "[t]he landowner has the right to demand a trial by jury." S.C. Code Ann. § 28-2-280(C)(8) (2007); *see also Cobb*, 365 S.C. at 365, 618 S.E.2d at 301 (noting section 28-2-310 "provides in an eminent domain action a property owner or the condemnor may elect a jury trial on the issue of compensation"); *Richland County v. Lowman*, 307 S.C. 422, 424, 415 S.E.2d 433, 434 (Ct. App. 1992) (noting "a landowner has the right to demand a trial by jury"); 18 S.C. Jur. *Eminent Domain* § 41 ("Under the Act, either side may elect for a jury trial in the condemnation action to determine just compensation."); *id.* ("Actions in condemnation are to be placed on the jury roster unless the condemnor and landowner demand trial by the court without a jury.").

The Act defines a "condemnee" as "a person or other entity who has a record interest in or holds actual possession of property that is the subject of a condemnation action." S.C. Code Ann. § 28-2-30(6) (2007).

"Landowner" means one or more condemnees having a record fee simple interest in the property condemned or any part thereof, *as distinguished from condemnees who possess a lien or other nonownership interest in the property*; where there are more than one, the term means the condemnees collectively, unless expressly provided otherwise.

S.C. Code Ann. § 28-2-30(12) (2007) (emphasis added); *see also* 18 S.C. Jur. *Eminent Domain* § 44 (1993) (noting "[t]he Act distinguishes between other condemnees and the landowners"); S.C. Code Ann. § 28-2-30(17) (2007) ("'Property' . . . means all lands, including improvements and fixtures thereon, . . . easements and hereditaments, . . . every estate, interest and right, legal or equitable, in lands or water and all rights, interests, privileges, easements, encumbrances, and franchises relating thereto . . . .").

> The statutory scheme of the Act contemplates that the landowner, and not other condemnees, is the interested party in most phases of the action. Thus, the landowner alone is served with the condemnation notice and accepts or rejects the tender or challenges the right to condemn, is served with the condemnor's election to proceed with trial, and consents to abandonment of the action. If an appraisal panel is used, the landowner appoints a member of the appraisal panel, receives notice of its decision, and has the right to appeal to court. Similarly, the landowner receives the notice of trial, if any issues. The other condemnees receive notice only of filing the action and of any proceedings to disburse the proceeds.

18 S.C. Jur. *Eminent Domain* § 44 (footnotes omitted) (summarizing the provisions of sections 28-2-220 to -260, 28-2-290, and 28-2-460 of the Act (2007 & Supp. 2019)).

We conclude the Act provides only the landowner and condemnor—as opposed to other condemnees—the right to a jury trial in a condemnation action. Section 28-2-310(B) provides, "If the condemnor and the landowner have demanded trial by the court without a jury, the clerk shall place the action on the nonjury trial roster. Otherwise, the action must be placed on the jury trial roster." The definition of landowner does not include "condemnees who possess a lien or other nonownership interest." *See* § 28-2-30(12). Rather, the term encompasses only those condemnees "having a record fee simple interest in the property condemned or any part thereof." *Id.* By definition, the term "landowner," regardless of whether it includes multiple condemnees, does not include *all* condemnees. Based on a plain reading of the Act, we conclude it contemplates the parties entitled to participate in trial are limited to the landowner and the condemnor, and only those parties who are entitled to participate in trial are entitled to a jury trial. *See* S.C. Code Ann. § 28-2-240 (2007); S.C. Code Ann. § 28-2-280 (2007); § 28-2-310.

The School District—having only an equitable interest in a 3.74-acre portion of the Entire Tract—is not a landowner under the Act and is therefore not entitled to participate in trial. Accordingly, we conclude the School District is not entitled to a jury trial under the Act.

Furthermore, even if the School District were entitled to a jury trial, nothing in the Act entitled it to a jury trial to determine the value of the Entire Tract. Had the Department and Clemson not settled and the case proceeded to trial on the issue of just compensation for the taking of the Entire Tract, the issue before the jury would have been the value of the Entire Tract. The court would have then apportioned that amount among the landowner and any existing other condemnees—in this case, the School District—in an equity proceeding pursuant to section 28-2-460 of the Act. *See* § 28-2-460 (providing that when the persons served with the condemnation notice do not agree to whom just compensation must be made and paid, the verdict or judgment must be made jointly to all parties and paid to the clerk of court); *id.* ("The payment of the funds so awarded must be held by the clerk of court pending the final order of the court of common pleas in an equity proceeding to which all persons served with the Condemnation Notice must be necessary parties."). Here, the amount of just compensation for the Entire Tract is not at issue because the landowner and the condemnor have settled that dispute. The School District has only an equitable interest in 3.74 acres of the Entire Tract, informed the circuit court it did not demand a jury trial on the Entire Tract, and admitted on appeal that the only remaining question was "what, if any, just compensation" it should be paid for its equitable interest. Therefore, we conclude that even if the School District were entitled to a jury trial, it would not be entitled to a jury trial as to the value of the Entire Tract.

Next, having concluded the School District had no statutory right to a jury trial, we find the Department's initial demand for a jury trial in the condemnation action was not dispositive.

> The right of trial by jury as declared by the Constitution or as given by a statute of South Carolina shall be preserved to the parties inviolate. Issues of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial be waived.

Rule 38(a), SCRCP; *see also* Rule 38(d), SCRCP ("A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties . . . .").

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated . . . as a jury action.  The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record . . . consent to trial by the court sitting without a jury *or (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist*.

Rule 39(a), SCRCP (emphasis added); *see also* S.C. Code Ann. § 28-2-120 (2007) ("In the event of conflict between this act and the South Carolina Rules of Civil Procedure, this act shall prevail.").

Rules 38 and 39, SCRCP, in and of themselves, do not create the right to a jury trial.  Rather, pursuant to Rule 39(a)(2), SCRCP, if the circuit court finds a right of trial by jury of some or all of the issues does not exist, a jury trial is not required even if the parties have demanded one.  Thus, notwithstanding the Department's initial demand for a jury trial, Rule 39(a), SCRCP, did not confer upon the School District the right to a jury trial.  Further, under the School District's suggested reading of the Act, any other condemnee having a nonownership interest in the property at issue could demand a jury trial even if both the landowner and the condemnor have elected a non-jury trial.  We do not believe the legislature intended this result.  *See Johnson*, 396 S.C. at 188, 720 S.E.2d at 519 ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." (quoting *Sweat*, 386 S.C. at 350, 688 S.E.2d at 575)).  Accordingly, we hold the circuit court did not err by placing the action on the non-jury trial roster.

## II. Section 28-2-460 of the Act

The School District argues the equitable procedure of section 28-2-460 did not apply because the value of the Entire Tract had not been determined and the condemnor, landowner, and all other condemnees had not agreed to an award as to the Entire Tract.  It therefore argues the circuit court erred by using the settlement

between Clemson and the Department to side-step the requirement that the value of the Entire Tract be determined. We disagree.

Section 28-2-460 of the Act provides,

> Unless the persons served with the Condemnation Notice agree in writing as to whom just compensation must be made and paid, the appraisal panel determination, verdict, or judgment *must be made jointly to all the parties* and *may* be paid to the clerk of court. Upon making the payment, the condemnor's obligation to pay interest upon the funds shall terminate. The payment of the funds so awarded must be held by the clerk of court *pending the final order of the court of common pleas in an equity proceeding to which all persons served with the Condemnation Notice must be necessary parties.* From the order of the court of common pleas there may be an appeal as provided for appeals from the court in equity cases.

(emphases added). Here, the circuit court found section 28-2-460 required an equitable proceeding to determine the rights of a landowner and other condemnees when a dispute existed between them concerning the division of condemnation proceeds. The circuit court noted a court should determine the School District's equitable interest in a proceeding similar to that provided in section 28-2-460 but acknowledged it could not use this precise procedure because the landowner received no monetary payment in this case. Section 28-2-460 has no bearing upon whether the School District had a statutory right to a jury trial. As we stated, the value of the Entire Tract is not at issue. Further, nothing in section 28-2-460 requires a jury to determine just compensation or the value of an equitable interest in a portion of the condemned property. Rather, it provides the method for apportioning the amount of compensation, once determined, among the parties. *See* § 28-2-460 (stating "the appraisal panel determination, verdict, *or* judgment must be made jointly to all the parties" (emphasis added)). However, section 28-2-460 does suggest the value of the School District's interest in a small portion of the Entire Tract—the issue to be decided in this case—is an equitable, rather than a legal, issue. Section 28-2-460 therefore further demonstrates the legislature's intent that only the landowner and condemnor have the right to elect a jury trial on the issue of just compensation. Accordingly, we find the circuit court did not err by applying section 28-2-460.

## III. Equitable Interest

Finally, the School District asserts the equitable nature of its interest does not preclude it from having a jury trial. We disagree. As we stated, the parties entitled to a jury trial in a condemnation action are the landowner and condemnor. When, as here, the landowner and condemnor have settled their dispute, the Act does not require a jury trial on the issue of just compensation for any other parties that do not fall into one of these categories. Therefore, we find the circuit court did not err by finding the School District was not entitled to a jury trial to determine the value, if any, of its equitable interest in the 3.74-acre portion of the property.

## CONCLUSION

For the foregoing reasons, the circuit court's order transferring the action to the non-jury trial roster is

**AFFIRMED.**

**HILL and HEWITT, JJ., concur.**